In re HERSCHEL A. WILCOX FOR WRIT OF HABEAS CORPUS.

APRIL 2, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1) *Exceptions. Deposit of Fees for Transcript.*
Gen. Laws, 1909, cap. 298, § 17, providing that a party desiring to prosecute a bill of exceptions, "shall deposit with the clerk the estimated fees for transcribing such testimony as may be required," is not complied with by giving in the evening of the last day in which such deposit can be made, a check payable to the clerk as such and accepted by him, which on presentation is dishonored.

The form in which such deposit may be made is not decided otherwise than that a deposit in the form of currency or money which the law recognizes as legal tender would undoubtedly satisfy the statute.

HABEAS CORPUS.    Heard on petition for writ and denied.

BAKER, J.   Herschel A. Wilcox of the city and county of Providence, in this State, by his attorney, has filed in this court a petition for a writ of *habeas corpus* setting forth that he is unlawfully imprisoned and held in custody at Cranston in said county by John V. Chapman, the Warden of the State Prison, or some other person as his keeper, by virtue of a *mittimus* issuing out of the Superior Court sitting within and for said county.

It also appears that after trial in said Superior Court upon an indictment entitled State *v.* Herschel A. Wilcox and Thomas H. Hughes, the petitioner on January 24, 1918, was found guilty of the larceny of an automobile of a value in excess of $500, being the property of one Eugene F. Taylor; that within seven days after said January 24, the petitioner duly filed a motion for a new trial in the office of the clerk of said Superior Court; that said motion was assigned for hearing on February 16, 1918; that on that day the motion was denied, neither the petitioner nor his attorney being present and no hearing having been had upon said motion; that thereafter within seven days, to wit, on February 23, 1918, the petitioner filed with the clerk of said Superior Court a notice of his intention to prosecute a bill of exceptions to this court together with a written request to the court stenographer for a transcript of the testimony in the case "and deposited with the clerk a check for the amount of the estimated fees for transcribing such testimony."

It further appears that the check referred to was the personal check of the petitioner's attorney; that when the institution with which the clerk made his deposits presented said check the Trust Company on which it was drawn, it was pronounced "not good," and under date of March 2, 1918, was returned to the clerk of the court, who, the petition

alleges, on March 3 returned the check to petitioner's attorney; that thereafter the petitioner on March 9, 1918, was brought before said Superior Court on a *capias* issuing therefrom on March 7 and sentenced to the State Prison on said verdict for two years and committed, the record stating that the cost of the transcript had not been paid.

The petition in substance alleges that the issuing of said *capias* and the imposing of said sentence are without authority of law; that said sentence was illegal, that said *mittimus* was issued by virtue and in execution of said sentence and that said Warden of the State Prison claims to hold the petitioner in custody by authority of said *mittimus*.

The precise question presented is whether or not the petitioner had complied with the provisions of Section 17 of Chapter 298 of the General Laws in such manner as to secure the stay of sentence therein provided for.

(1)     So much of Section 17 as it is necessary to consider is as follows: "Sec. 17. Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure: *First.* Within seven days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment or sentence until further order of the court."

There is no allegation in the petition as to when the petitioner or his attorney received notice of the court's decision on the motion for a new trial, and there is no entry on the indictment showing when notice of such decision was given

to petitioner's attorney. Inasmuch, however, as said attorney at the hearing before this court stated that the notice of intention to prosecute a bill of exceptions was filed in the evening of the last day in which notice of such intention could be filed, namely, Saturday, February 23rd, we conclude that he was given notice of the decision on the motion for a new trial on the day when it was rendered, namely, February 16th. This leaves as the only question for determination whether or not a person seeking to come to this court on a bill of exceptions has performed as an essential step in the procedure necessary to come here the statutory duty imposed upon him of depositing with the clerk the estimated fees for transcribing the testimony by giving in the evening of the last day in which such deposit can be made a check payable to the clerk as such, and accepted by him, which on presentation is dishonored. We think this must be answered in the negative. The statute requires the party to "deposit with the clerk the estimated fees" of the stenographer for transcribing the testimony. In other words he is authorized and directed to intrust to the clerk or to commit to his custody the "estimated fees" of the stenographer. By the same statute the clerk is required to become the custodian of such "fees." We are not now considering the duties or responsibilities of the clerk, but those only of a party litigant on a particular state of facts. Therefore we do not state affirmatively as to the form in which such deposit may be made except to say that a deposit in the form of currency or money which the law recognizes as a legal tender for the payment of debts would undoubtedly satisfy the statute. All that appears in the present case is that the only deposit made within the time in which it was permissible to make it was the giving of a check which was dishonored. Upon this state of facts we hold that the petitioner did not make the deposit required by the statute. It follows that what was done respecting the prosecution of a bill of exceptions did not effect the stay of sentence provided for by said Section 17. Section 14 of Chapter 298 provides

that, "The filing of a motion for a new trial shall stay judg-ment or sentence until seven days after decision shall be rendered thereon." More than seven days had elapsed after the decision on the motion in this case was rendered. No reason is apparent, therefore, why sentence was not properly imposed on March 9th.

The petition alleges that on February 25th the petitioner tendered to the clerk of the Superior Court money of the requisite amount for the payment of said fees but that it was declined. As this was after the expiration of the seven day period, we do not regard these allegations, if accepted as true, as of any importance in determining the question before us.

The petition for a writ of *habeas corpus* is denied.

*Lester T. Murphy*, for petitioner.

*Antonio A. Capotosto, Assistant Attorney General*, for respondent.