BARBER VEHICLE & MOTOR CO. *vs.* DONAT J. NOEL.
BENJAMIN A. BARBER *vs.* DONAT J. NOEL.

JUNE 18, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J.   These are actions of trespass on the case for negligence growing out of an automobile accident.   By

agreement of the parties they were tried together to a jury which returned verdicts for the plaintiffs, in the first case for $1,017.73 and in the second case for $2,800. In each case the defendant's motion for a new trial was denied.

Within seven days of receipt of notice of the denial of the motions, that is, on June 19, 1957, defendant filed in each case a notice of intention to prosecute a bill of exceptions to this court, but he did not deposit the estimated cost of the transcript until August 28, 1957. Previously, however, on that date plaintiff had filed a motion in each case for the entry of judgment. These motions were granted by the trial justice and thereafter defendant filed notices of intention to prosecute bills of exceptions to the decisions granting such motions.

The plaintiff in each case has filed in this court a motion to dismiss the bills of exceptions. Our decision turns upon the construction of that part of general laws 1956, §9-24-17, which reads: "Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure: *First.* Within seven (7) days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven (7) days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment until further order of the court."

The defendant contends that the depositing of the estimated cost of the transcript within the seven days is not a condition precedent to the staying of judgment. We are of the opinion that it is. In *In Re Wilcox,* 41 R. I. 166,

which was a habeas corpus case, Wilcox was found guilty of larceny and his motion for a new trial was denied. Within seven days of such denial he filed a notice of intention to prosecute a bill of exceptions and deposited with the clerk of the superior court a check for the estimated cost of the transcript. When the clerk presented the check to the bank upon which it was drawn it was marked "not good" and was returned to him, whereupon Wilcox was brought before the superior court and sentenced to two years in the state prison; hence the petition for the writ. The writ was denied, the court saying at page 169: "All that appears in the present case is that the only deposit made within the time in which it was permissible to make it was the giving of a check which was dishonored. Upon this state of facts we hold that the petitioner did not make the deposit required by the statute. It follows that what was done respecting the prosecution of a bill of exceptions did not effect the stay of sentence provided by said section 17." Section 17 was the predecessor of §9-24-17.

The defendant seeks to distinguish the *Wilcox* case on the ground that it grew out of a criminal case. We fail to see any distinction on the point before us between that case and the instant cases, and we hold that the deposit here was not made within the time required by law, namely, within seven days from the receipt of notice of the denial of the motions for new trials.

As previously stated, the defendant filed two bills of exceptions in each case, the second one containing an exception to the court's decision granting the motions for entry of judgment against him. Without deciding whether an exception lies to the entry of judgment, we are of the opinion that it was properly entered because of the failure of defendant to deposit the estimated cost of the transcript within the statutory period. *Russillo* v. *Ambrosino,* 78 R. I. 42.

The plaintiff's motion to dismiss the bills of exceptions in each case is granted, and each case is remitted to the superior court for further proceedings.

*Charles J. Bourgault,* for plaintiffs.

*Anthony L. Caraccia,* for defendant.