*William E. McCabe,* City Solicitor, *Harry Goldstein,* for respondent.

VINCENT A. KOCZKODAN *vs.* BENJAMIN HABEREK, SR.
VINCENT A. KOCZKODAN *vs.* BENJAMIN HABEREK, JR.
VINCENT A. KOCZKODAN *vs.* EDWARD HABEREK.
VINCENT A. KOCZKODAN *vs.* FRANK S. HABEREK, SR.
VINCENT A. KOCZKODAN *vs.* EUGENE HABEREK.

DECEMBER 22, 1960.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  These are actions of trespass for assault and battery which were tried together in the superior court and resulted in a verdict for the plaintiff for $4,000.  It was agreed by all the parties that in the event the jury found for the plaintiff they should return one verdict against all the defendants in the same sum, but that the plaintiff should have only one satisfaction of judgment entered thereon.  After the verdict was returned the defendants filed a motion for a new trial in each case, which was denied. Thereafter the defendants prosecuted bills of exceptions to this court, to which the plaintiff objected in the superior court on the ground that the defendants had failed to comply with the jurisdictional requirements of general laws 1956, §9-24-17, in that they did not deposit with the clerk

68

of court within seven days after notice of decision denying their motion for a new trial the estimated fee for transcribing the testimony. This objection was overruled and thereafter the plaintiff also prosecuted bills of exceptions.

When the cases were docketed here plaintiff moved to dismiss defendants' bills of exceptions on the same ground on which he based his objection thereto in the superior court. Upon consideration we are of the opinion that the motion should be granted. The defendants concede that they did not make the deposit as required by the statute but contend that they should not be penalized therefor because there was no estimated cost of the transcript furnished by the court stenographer. This does not excuse their neglect to deposit with the clerk of court an estimate of the cost. In the absence of any estimate by the stenographer, defendants should have made a reasonable estimate themselves.

The statute does not expressly provide that the stenographer shall file such an estimate with the clerk but does imply that he shall furnish it to a party making a written request for the transcript. On the other hand the statute does expressly impose the imperative duty on the appealing party to make a deposit with the clerk at the time of filing his notice of intention to prosecute a bill of exceptions. Compliance with that requirement is a condition precedent to a stay of judgment. On this point the statute is clear beyond any possible misunderstanding, and we have expressly so held. *Barber Vehicle & Motor Co.* v. *Noel,* 87 R. I. 460, 143 A.2d 281.

In the circumstances in the cases at bar the plaintiff is therefore entitled to have judgment entered on the verdict because the defendants have not duly prosecuted their bills of exceptions in accordance with the jurisdictional requirements of G. L. 1956, §9-24-17.

In each case the plaintiff's motion to dismiss is granted and there is therefore no need to consider his bills of exceptions. Each case is remitted to the superior court for entry of judgment on the verdict.

*Edward M. Botelle, George Ajootian,* for plaintiff.

*Emanuel J. Lauria,* for defendants.