229 A.2d 850.

STACIA BOUCHARD *vs.* CHARLES BOUCHARD.

MAY 31, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.  This cause originated with the filing of a petition under the provisions of G. L. 1956, §15-5-9, praying for a divorce from bed, board and future cohabitation until the parties be reconciled.  After a hearing thereon, which lasted for eight days, it was denied and dismissed by

a family court justice in a written decision entered on September 7, 1965.

Within seven days thereof, petitioner gave notice of her intention to prosecute a bill of exceptions as provided by §9-24-17. The decision denying and dismissing her petition having been entered prior to January 10, 1966,[1] a review thereof could be had in this court only by way of a bill of exceptions as provided in §9-24-13. *Thrift* v. *Thrift*, 30 R. I. 357; *Sullivan* v. *Sullivan*, 68 R. I. 25.

On October 5, 1965 petitioner filed a motion for allowance of the cost of the transcript and a reasonable counsel fee to aid in the prosecution of her bill of exceptions to this court. The respondent on October 25, 1965, filed a motion to dismiss petitioner's bill of exceptions on the grounds that she had not complied with the applicable provisions of §9-24-17 and rules 5, 21 and 28 of the rules of the family court.[2]

These motions were heard together on November 12, 1965 by the family court justice who presided at the hearing on the petition for the divorce a mensa et thoro. It is manifest from the transcript of that hearing that said justice was of the opinion that petitioner's motion for allowance and costs would require consideration only if respondent's motion to dismiss were denied. Stated otherwise, he believed that if he granted respondent's motion to dismiss, petitioner's right

[1]The present rules of civil procedure were promulgated on the authority of P. L. 1965, chap. 55, sec. 59, thereof, now G. L. 1956, §14-1-52, as amended, which provides that decisions of the family court are reviewable in this court on appeal. The rules expressly enacted by the terms of said chapter or promulgated as authorized therein became effective January 10, 1966 by reason of said chap. 55, sec. 64.

[2]These rules were promulgated by the family court effective September 1, 1961 on the authority of P. L. 1961, chap. 73. They purport to supersede then existing statutory provisions relating to appellate review. Whether they did so raises involved and serious questions which, having been neither briefed nor argued in these proceedings, are best left to some subsequent proceeding in which such questions are squarely before us.

to review in this court on her bill of exceptions would be foreclosed.

In any event, a decision was entered March 21, 1966, granting respondent's motion to dismiss; and within seven days petitioner gave notice of her intention to prosecute a bill of exceptions from that decision. Thereafter, on April 15, 1966, a decree was entered which embodied the March 21, 1966 decision and petitioner claimed an appeal from that decree on April 28, 1966. It is on this bill of exceptions and claim of appeal that the cause came to this court for review.

On September 29, 1966, respondent filed a motion in this court to dismiss the proceedings on the grounds that the March 21, 1966 decision could be reviewed in this court only on an appeal claimed within twenty days from the entry thereof, pursuant to the provisions of said P. L. 1965, chap. 55. The bill of exceptions initiated March 28, 1966, he contends, was jurisdictionally inept and the appeal claimed April 28, 1966, likewise lacked validity not having been claimed within twenty days of the entry of the decision. On October 26, 1966, we denied the motion to dismiss without prejudice to respondent to renew his motion when the cause was argued on its merits.

Acknowledging that on or after January 10, 1966, the proper procedure for review in this court was by way of appeal, we nevertheless deem it advisable to treat the March 28, 1966 filing of notice of intention as though it were an appeal taken from the family court decision entered March 21, 1966. We do so for the purposes of correcting an erroneous impression of the family court's jurisdiction, and to achieve a final disposition of a cause that originated in 1958. The motion to dismiss is therefore denied.

We turn first, then, to a consideration of the family court justice's jurisdiction to hear and determine respondent's motion to dismiss petitioner's bill of exceptions prosecuted

in connection with the decision entered September 7, 1965. Although respondent predicated his motion on petitioner's failure to comply with the family court rules heretofore enumerated (see footnote 2), it is clear from a reading of his March 21, 1966 decision that the family court justice relied on the cases of *Barber Vehicle & Motor Co. v. Noel,* 87 R. I. 460, and *Koczkodan* v. *Haberek,* 92 R. I. 66. In those cases this court held that a valid prosecution of a bill of exceptions pursuant to the provisions of §9-24-17 requires compliance with certain conditions precedent, such conditions being jurisdictional in nature. Applying the holdings of the cited cases to the facts of the instant case, the family court justice concluded that petitioner had not complied with the conditions precedent and granted respondent's motion to dismiss.

However, the legal adequacy of the steps taken by an appellant in the prosecution of a bill of exceptions under §9-24-17 is for this court's determination and not that of the nisi prius court. In the circumstances here present, therefore, we would normally sustain petitioner's appeal. Such a result in light of the instant record, however, would serve no useful purpose. Recognizing that it was not within the jurisdiction of the family court justice to pass on the legal adequacy of petitioner's compliance with the requirements of §9-24-17, we nevertheless believe that his determination as to the merits should be adopted by this court so as to achieve a final disposition of the cause.

Turning then to the procedure adopted by petitioner, as disclosed by the record, which motivated the family court justice to reach his decision, we find that on September 13, 1965, petitioner made no request of the court stenographer for an estimate of the transcript as set forth in the cited section. Rather, she made a deposit of $5 with the court clerk who made the following notation: "Partial Estimated cost of above transcript of evidence, etc., $5.00 deposited."

It further appears that said clerk inquired of the court stenographer who informed petitioner that the cost of the transcript would approximate $450. It does not appear that petitioner thereafter ever requested a copy of the transcript.

The pertinent provision of §9-24-17 provides:

> "*First.* Within seven (7) days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven (7) days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment until further order of the court."

The petitioner argues in this court, as she did in the family court, that a symbolic payment of $5 with a payment of the balance on delivery of the transcript was sufficient in law to bring her within the intendment of the statute. We find no merit in this contention.

In *Barber Vehicle & Motor Co.* v. *Noel, supra,* we held that the depositing of the estimated cost of the transcript within seven days of the decision is a jurisdictional condition precedent to the valid prosecution of a bill of exceptions within the meaning of §9-24-17. In *Koczkodan* v. *Haberek, supra,* we further held that in the absence of an estimate furnished by the court stenographer an appellant is required to make a reasonable estimate and deposit such sum in order to comply with the statute. The depositing of $5 in lieu of an estimated $450 for a transcript which was compiled in some eight days of testimony, a circumstance of which petitioner was fully aware, can hardly be considered as reasonable.

However, in this court the petitioner argued that she

was entitled to prosecute a bill of exceptions solely to the decision, in which case no transcript would be required. While it is true that we have held that no transcript is required if only questions of law apparent from the record are raised, *Sormanti* v. *Deacutis,* 77 R. I. 507, we think that it is readily apparent that no such limited prosecution was intended in the case at bar. The instant petitioner was given six consecutive extensions of time in which to present her bill of exceptions and transcript of evidence. Clearly if she had at any time intended to prosecute a bill of exceptions solely to the question of law, she would not have sought continued extensions of time, nor in all probability would the family court have exercised its discretion in favor of granting such extensions. See *Sormanti* v. *Deacutis, supra.*

We hold, therefore, that no right of review in this court remains to the petitioner, and the cause is remanded to the family court for entry of final judgment on the decision entered September 7, 1965. The appeal from the decision entered March 21, 1966 is dismissed pro forma.

*Israel Moses,* for petitioner.

*Dick & Carty, Joseph B. Carty, Paul J. Pisano,* for respondent.