271 A.2d 464.

JAMES G. EDWARD *et al. vs.* CITY OF NEWPORT *et al.*

DECEMBER 9, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. Miantonomi Memorial Park is located in Newport, Rhode Island. This is an appeal by the Miantonomi Memorial Park Commissioners (the Commissioners) from a dismissal by a Superior Court justice of their appeal from a judgment of that court denying and dismissing a civil action wherein the Commissioners had sought to invalidate a 50-year lease, by the Newport City Council,

of a portion of park property, to the Newport County Chapter for Retarded Children, Inc. (the Chapter).

The Commissioners instituted their suit on May 28, 1969. Their prayer for a preliminary injunction came on for a hearing on June 9. At the conclusion of testimony on June 10, the Chapter moved to dismiss the complaint on the ground that the enabling legislation (P. L. 1921, chap. 2140), which authorized the establishment of the park commission, does not allow the group to initiate litigation. The trial justice, in granting the Chapter's motion, said he was dismissing the suit because the Legislature did not give the Commissioners "the right to sue and be sued."

A week later, on June 17, the clerk of the Superior Court for Newport County entered a judgment which stated that the Commissioners' suit was being dismissed "on the merits." The Commissioners filed a notice of appeal from that judgment on June 20. The Chapter on July 22 filed a motion to dismiss the Commissioners' appeal because of their failure to order a transcript of the Superior Court hearing within ten days of the taking of their appeal as required by Super. R. Civ. P. 75(b) and their neglect to deposit with the court clerk the estimated cost of the transcript as provided in Rule 78. The trial justice granted the motion to dismiss and this appeal followed.

Recently, in *Martin* v. *Estrella*, 107 R. I. 247, 266 A.2d 41, we pointed out that under the new Super. R. Civ. P. a litigant will not be automatically deprived of an appellate review, because of his failure to comply with the post claim of appeal procedures required by the rules. However, we made it clear that the appellant, who does not perfect his appeal, runs the risk that his appeal will be dismissed by a justice of the Superior Court acting on an appropriate motion brought by an appellee. We said in *Martin* that our review of the trial justice's action in

such circumstances is limited to the question of whether he has abused the discretion given him by Rule 73(a).

Once the Chapter brought the Commissioners' shortcomings to the court's attention, it then became the Commissioners' burden to offer evidence showing a justifiable excuse for their failure to comply with the court's rules. Both before the Superior Court and here, the Commissioners said that they failed to order the transcript and make a deposit with the clerk because of their counsel's desire to meet with the trial judge and discuss with him the language used by the clerk in the judgment which stated that the suit was being dismissed on its merits. They contend that there is a variance in the language used in the judgment and that employed by the trial judge when he dismissed the suit.

We are puzzled as to how the wording of the judgment relates to the Commissioners' utter disregard of the Superior Court's rules. In their notice of appeal, they specifically noted that they were challenging the dismissal of their suit because of the alleged variance. They made no motion under Rule 6 for an extension of time in which to order the transcript. While we cannot fathom the exact nature of the alleged variance, the Commissioners might have filed a motion to alter or amend the judgment pursuant to Rule 59(e) or attempted to invoke Rule 60(a) by claiming that the judgment represented a clerical error. Instead, they did nothing. The record of the hearing held on the Chapter's motion to dismiss the Commissioners' appeal is utterly devoid of any adequate explanation for the procedural defects found in the appellate phase of this case. The trial justice's action was well justified.

The plaintiffs' appeal is denied and dismissed.

4

*Sheffield & Harvey, Ray H. Durfee,* for plaintiffs.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo, Jeremiah C. Lynch, Jr.,* for defendants.