308 A.2d 484.

IN RE SHANNON.

AUGUST 16, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. This case involves the adoption of a minor child by its foster parents and the efforts of the child's natural mother to regain custody and control. The case is before us at this time on the natural mother's appeal

from a decree entered in the Family Court on September 1, 1972. For convenience we shall refer to the natural mother as the petitioner and to the foster parents as the respondents.

The pertinent facts are as follows. On August 28, 1965, petitioner, then sixteen years of age and unmarried, gave birth to the child involved in this proceeding. The petitioner, who was then living with her mother, was unable to support her infant daughter. For more than a year after her birth the child was cared for at Saint Vincent de Paul Infant Asylum where she had been placed on September 1, 1965. Then the Diocesan Bureau of Social Services advised both petitioner and her mother that further confinement would be detrimental to the welfare of the child and decided to present the matter to the court to determine custody and future foster placement of the child. Because of petitioner's youth and her mother's inability to support both petitioner and the child, a dependency petition was filed in the Family Court.

At the dependency hearing petitioner and her mother consented to placement of the child with a clear understanding that it would not lead to adoption. On October 25, 1966, after a hearing, the Family Court declared the child a dependent child and assigned custody to Child Welfare Services. Shortly thereafter the child was placed in the foster care of respondents.

The petitioner continued to live with her mother and in November, 1970, felt in a position to reclaim her child. In September, 1971, Child Welfare Services began making arrangements for the return of the child to its mother. The respondents refused to relinquish custody and in December, 1971, a motion for change of custody was filed on behalf of petitioner in the Family Court. The petitioner subsequently filed a motion to quash the 1966 commitment order, a petition for habeas corpus, and an adop-

tion petition asking that she and her husband, whom she had recently married, be permitted to adopt. Child Welfare Services also petitioned for a writ of habeas corpus, and respondents filed a petition for adoption of the child.

On July 22, 1972, after a hearing which extended over a period of several months, the trial justice filed a decision granting the respondents' adoption petition and denying the relief sought by petitioner and Child Welfare Services.

On July 28, 1972, a decree was entered based on the trial justice's decision. On the same day Child Welfare Services and petitioner each filed a separate notice of appeal from the July 28, 1972 decree pursuant to Super. R. Civ. P. 73.[1] Additionally, on the same day, both petitioner and Child Welfare Services filed an order for transcript pursuant to Rule 75. They requested a transcript of the entire proceedings. At the end of the "Order for Transcript" the following statement appears: "Estimated cost of transcript, $1500.00, deposited. ([S]igned) Charles E. Joyce, Jr. Clerk."

On August 2, 1972, Child Welfare Services, by stipulation and without notice to the other parties, withdrew its notice of appeal and its order for transcript.

On August 8, 1972, respondents filed a motion to dismiss the appeal filed by petitioner on July 28, 1972, on the grounds that petitioner had failed to comply with Super. R. Civ. P. 75 and 78, alleging that petitioner had failed to request a court stenographer to transcribe testimony taken in court and had not paid the estimated costs of the transcription.

On August 9, 1972, petitioner filed a "Motion Requesting the Court To Provide a Transcript Without Cost" alleging that she was without funds to pay the estimated

---

[1]The Superior Court rules of civil procedure apply to appeals from the Family Court. General Laws 1956 (1969 Reenactment) §§9-24-1 and 14-1-52.

cost of the transcript and claiming that as an indigent she was constitutionally entitled to a transcript. She filed an affidavit in support of her claim of indigency. On August 11, 1972, petitioner filed an objection to respondents' motion to dismiss on the grounds (1) that she filed a notice of appeal from the July 28, 1972 decree on July 28, 1972; (2) that on the same day she filed, in conjunction with Child Welfare Services, a request for a transcript; (3) that on August 2, 1972, Child Welfare Services withdrew their appeal and their request for a transcript; and (4) that on August 9, 1972, petitioner filed a motion for a transcript without cost.[2]

On August 16, 1972, a hearing was held on the motion to dismiss.

On August 25, 1972, the trial justice filed his decision granting the motion to dismiss. He referred to the provisions of Super. R. Civ. P. 75(b) providing that a transcript of testimony shall be ordered by the appellant from the court reporter within ten days of the filing of the notice of appeal. He also referred to Rule 78 which provides, in pertinent part, that

> "Every party requesting a court stenographer to transcribe testimony taken in court by him or her shall forthwith deposit with the clerk of said court such sum as the court stenographer shall estimate to be the cost of transcription * * *."

He then said that the question before him was "* * * whether the neglect of the appellant natural mother in not complying with Rules 75 and 78, R. I. R.C.P., is excusable under Rule 6 of the Rules." Rule 6, in pertinent part, reads as follows:

> "When by these rules * * * an act is required * * * to be done at or within a specified time, the court for cause shown may at any time in its discretion (1)

---

[2]The objection filed by petitioner bears the date July 29, 1972. However, it is clear that the correct date is July 28, 1972.

* * * order the period enlarged if request therefor is made before the expiration of the period originally prescribed * * * or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

The trial justice stated in his decision that

"Compliance with the payment requirements within the time limitation spelled out in the Rule is an essential element of the appellate procedure in Rhode Island. It is, as our Supreme Court has said, a 'jurisdictional condition precedent' to a valid appeal."

After making the foregoing statements he referred to *Edward* v. *City of Newport*, 108 R. I. 1, 271 A.2d 464 (1970); *Bouchard* v. *Bouchard*, 102 R. I. 290, 229 A.2d 850 (1967); *Barber Vehicle & Motor Co.* v. *Noel*, 87 R. I. 460, 143 A.2d 281 (1958). He faulted petitioner for not seeking an enlargement of time in which to comply with the payment provision of Rule 78 and found no excusable neglect for her failure to deposit the estimated cost. Accordingly, as we have stated above, he granted the motion to dismiss and continued petitioner's motion for a transcript without cost for hearing to a later date.

On September 1, 1972, a decree, based on the trial justice's decision, was entered dismissing petitioner's appeal on the merits. The decree contains several findings of fact which set forth the various steps taken by petitioner after the July 28, 1972 decree was entered granting respondents' adoption petition. On the view we take we need only refer to the findings contained in the following paragraphs of the decree:

"(3) That the file and record in this matter indicates that the Appellant did not deposit the estimated cost of the transcript with the Clerk of the Court on July 28, 1972, when she made her request that a transcript be prepared, nor has the Appellant at any

time paid the estimated cost of the transcript to the Clerk of the Court;

* * *

"(7) That as of August 7th, 1972, the Appellant had not made any request for an enlargement of time under Rule 6 in order to make arrangements for the preparation of and payment for a transcript;

* * *

"(10) That by not depositing the estimated cost of the transcript with the Clerk of the Court upon making her request for the preparation of the transcript, the Appellant failed to comply with Rules 75 and 78 of the Rhode Island Rules of Civil Procedure;

"(11) That under the facts of the case and the law, there was no excusable neglect on the part of the Appellant for her failure to comply with the provisions of the Rhode Island Rules of Civil Procedure."

The petitioner has briefed and argued this appeal under four main points. However, because we believe the trial justice misinterpreted the meaning of Rule 78, we do not find it necessary to discuss all the issues raised by petitioner; nor is it necessary to discuss the decision of the trial justice in detail.

It appears from the record that respondents based their motion to dismiss primarily on the ground that petitioner failed to pay the estimated cost for the transcript of the testimony presented at the hearing on the merits in accordance with the requirements of Rule 78. After the August 16, 1972 hearing on the motion to dismiss, the trial justice made findings of fact (1) that petitioner's failure to deposit the estimated cost of the transcript with the clerk of the court upon making her request for the preparation of the transcript constituted a failure to comply with the provisions of Rules 75 and 78, and (2) that there was no Rule 6(b) excusable neglect for such failure.

It is clear from a reading of the decree entered on September 1, 1972, that the trial justice interpreted the word

"forthwith" in Rule 78 to mean "simultaneously" or "instantaneously," that is, that the provision in that rule that

> "Every party requesting a court stenographer to transcribe testimony taken in court by him or her shall forthwith deposit with the clerk of said court such sum as the court stenographer shall estimate to be the cost of transcription * * *"

means that the deposit of the estimated cost of transcription must be made simultaneously with the request for the transcription. In our judgment the trial justice's interpretation is erroneous.

Before stating the reasons for holding that the trial justice erred in his interpretation of the meaning of the first clause of Rule 78, it may be helpful to discuss briefly the pertinent portions of Rules 73, 75 and 78, insofar as they pertain to appellate procedure. As we have already stated in note 1, *supra,* the Superior Court rules of civil procedure apply to appeals to this court from the Family Court.

Rule 73(a) governs when and how an appeal is taken from the Superior Court to the Supreme Court. This rule provides, in part, as follows:

> "A party may appeal from a judgment by filing with the Superior Court clerk a notice of appeal. Failure of the appellant to take any one of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground for dismissal thereof by the Superior Court unless circumstances excuse the failure and justice demands that the appeal be heard."

As we pointed out in *Martin* v. *Estrella,* 107 R. I. 247, 251, 266 A.2d 41, 45 (1970), it is obvious that with the advent of the new rules and the amendment of §9-24-17, a litigant will not be deprived, ipso facto, of his appellate remedy because of his failure to comply with some of the procedures required by the rules once the claim of appeal

has been timely filed. *See also Edward* v. *City of Newport,* 108 R. I. 1, 271 A.2d 464 (1970).

Rule 75 deals with the record on appeal to this court. Rule 75(b) provides, in part, as follows:

> "Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transscript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * * The ordering and payment of the cost of the transcript shall be in accordance with Rule 78."

It is undisputed that in the case at bar petitioner's claim of appeal was timely filed and that her order for the transcript was filed within ten days after filing of her notice of appeal.

This brings us to the precise question raised by this appeal — a question which was neither raised, considered nor decided in *Martin* v. *Estrella* and *Edward* v. *City of Newport,* both *supra,* namely the meaning of the first clause in Rule 78 and particularly the meaning of the word "forthwith" as used in that rule. For convenience we repeat the pertinent portion of Rule 78. It reads as follows:

> "Every party requesting a court stenographer to transcribe testimony taken in court by him or her shall forthwith deposit with the clerk of said court such sum as the court stenographer shall estimate to be the cost of transcription * * *."

In determining the meaning of the language of Rule 78, we must keep in mind the spirit of the new rules which is clearly set forth in Rule 1, which states:

> "They shall be construed to secure the just, speedy, and inexpensive determination of every action."

To hold, as the trial justice did, that the use of the word "forthwith" indicates that the payment of the estimated cost of a transcript means that the payment must be made simultaneously with the request for the transcript, would do violence to the spirit of the rules, which are applicable here to the Family Court.

The word "forthwith" as used in Rule 78 does not mean "simultaneous" or "instantaneous" action. *Compare Pickering* v. *American Employers Ins. Co.,* 109 R. I. 143, 158, 282 A.2d 584, 592-93 (1971), where this court held:

> "A requirement in an insurance policy that notice be given to the insurer 'as soon as practicable' or 'immediately' does not mean instantaneous notice. Rather, the condition is satisfied if the insured acts diligently and with all reasonable dispatch, having in mind all the circumstances and facts of a particular case."

*See also Cinq-Mars* v. *Travelers Ins. Co.,* 100 R. I. 603, 610-11, 218 A.2d 467, 471 (1966). So, too, in the case at bar the condition that the appellant act "forthwith" is satisfied if she acted diligently and with all reasonable dispatch, having in mind all the circumstances and facts in the case. In brief the requirement of Rule 78 that the appellant shall "forthwith deposit" the estimated cost of the transcription means that this shall be done within a reasonable time, having in mind all the circumstances and facts. *See Dickerman* v. *Northern Trust Co.,* 176 U.S. 181, 20 S.Ct. 311, 44 L.Ed. 423 (1900); *Gamwell* v. *Bigley,* 253 Mass. 378, 149 N.E. 155 (1925). In determining whether an appellant has acted within a reasonable time, the trial justice may consider the following circumstances, among others: the length of delay in making the deposit, the reasons for the delay, whether the circumstances excuse the delay, and whether justice demands that the appeal be heard. Rule 73(a). The trial justice did not apply the standard of reasonableness in the case at bar and, therefore, erred in granting respondents' motion to dismiss.

In the peculiar circumstances of this case, involving as it does the adoption of a minor child, justice requires that the case be remitted to the Family Court for a speedy determination of the question of whether petitioner acted within a reasonable time, in view of all the circumstances.

We also believe that justice requires a speedy determination of the question of petitioner's alleged indigency and consequent financial inability to pay the estimated cost of the requested transcript.

Since our conclusion that the trial justice erred in holding that "forthwith" meant "simultaneous" or "instantaneous" is dispositive of this appeal, we do not reach and, therefore, do not pass on the question of excusable neglect or any of the other questions raised by the petitioner.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the Family Court for further proceedings in accordance with this opinion.

Mr. Justice Joslin did not participate.

*Joseph F. Dugan,* Rhode Island Legal Services, Inc., *Gerald T. Mulligan,* West Roxbury, Massachusetts, for petitioner.

*Lovett and Linder, Ltd., Stephen J. Fortunato, Jr.,* for respondent.