341 A.2d 37.

VIRGINIA D. ARMSTRONG *vs.* LEROY W. ARMSTRONG.

JULY 17, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This petition to modify a final decree of divorce entered on May 9, 1972, was filed in the Family Court by Leroy W. Armstrong (husband). The petition was denied by a justice of that court on July 25, 1974, and

on August 9, 1974, the husband filed a notice of his claim of appeal. On August 2, 1974, he applied to this court for a writ of certiorari, which was denied on October 4, 1974. It appears from the record that the husband did not order a transcript of the proceedings at the time of the filing of his appeal as is required by Supreme Court Rule 10(b).[1] Subsequently, the wife moved for a dismissal of the appeal, charging that the husband failed to comply with Supreme Court Rules 10, 11, and 12, specifically that he failed to order a transcript or to properly file the record with the clerk.[2] The wife's motion to dismiss was granted on October 25, 1974, and the husband is now prosecuting an appeal therefrom in this court.

In his brief the husband raises a number of questions relevant to his motion to modify, as well as to another case which involves disputes between these parties. However, the instant appeal presents us with a single issue,[3] whether the trial justice erred in dismissing the husband's appeal.

It appears that the husband, following the denial of his motion to modify, filed in this court a petition for a writ

---

[1]Rule 10(b) provides, among other things, that "[w]ithin 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record."

[2]Rule 12(c) provides for dismissal of appeals by the trial court for failure "to cause timely transmission of the record."

[3]The wife holds a mortgage given by the husband and intends to foreclose because of the husband's alleged failure to make payments. The Family Court decree of July 25, 1974, would allow the wife to begin foreclosure proceedings. In view of these circumstances, the husband had petitioned the Family Court for a stay of execution of the July 25 order. This motion was denied at the same time that the appeal was dismissed, and while the husband in his brief lists this as an error, he neither briefed nor argued the point, and, therefore, we consider this specification of error waived.

of certiorari dated August 2, 1974. In response thereto this court entered an order restraining the wife from proceeding to foreclose on a mortgage she held on property in the husband's possession. The husband also, as noted, filed a notice of his claim of appeal dated August 9, 1974, from the July 25, 1974 order of the Family Court. On October 4, 1974, this court denied the husband's petition for a writ of certiorari and vacated the restraining order. Four days later, on October 8, the wife moved to dismiss the husband's claim of appeal on the ground that he had failed to comply with the requirement to order a transcript of the proceedings of the modification hearing.[4]

A litigant will not be deprived automatically of an appellate review because of a failure on his part to comply with procedural rules. However, under the rules it is clear that a trial justice may dismiss an appeal for that reason and that our review of such a ruling will be limited to the question of whether, in so doing, the trial justice abused his discretion. *Edward* v. *City of Newport*, 108 R. I. 1, 271 A.2d 464 (1970); *Martin* v. *Estrella*, 107 R. I. 247, 266 A.2d 41 (1970). In determining whether there was an abuse of discretion, we adhere to the standard used in granting extensions of time for transmission of the record. As provided in Supreme Court Rule 11(c), such motions are not granted without a showing "* * * that the inability of the appellant to cause timely transmission of the record is due to causes beyond his control or to circumstances which may be deemed excusable neglect."

It is clear from the record that the husband did not make such a motion in the instant case. Therefore, in

---

[4]It appears that the husband, after the motion to dismiss his appeal was made, did order a transcript and make a deposit thereon on October 15, 1974, more than 2 months after the claim of appeal had been filed. At no time did the husband move under Supreme Court Rule 11(c) for an extension of time within which to transmit the record.

appearing to defend against the dismissal of his appeal, he must meet the minimum standard set out in Rule 11(c). The husband apparently conceded that there were no "causes beyond his control." In order for him to prevail here, he must demonstrate that his neglect was excusable, and this, in our opinion, he has not done.

The husband, characterizing Rule 10 as a mere "technicality," argues that we should ignore these rules, since no prejudice befell the wife. We cannot agree, it being clear that the delay deprived the wife of the use of valuable property. The husband argues also that since his petition to this court for certiorari was pending, the rules regarding his appeal should have been held in abeyance. Again, we see no merit in this reasoning. The language in which the procedural rules are prescribed is clear; we do not perceive that the pendency of a petition for the writ of certiorari should excuse noncompliance with the orderly progress of the appeals procedure, and certainly such a failure to comply with the rules in these circumstances cannot be considered excusable neglect.

The husband argues that his case falls within the ambit of *In re Shannon,* 112 R. I. 225, 308 A.2d 484 (1973). That case reversed a dismissal of an appeal for failure to order a transcript. That case, however, differs significantly from the case at bar. There, the appellant filed a motion and affidavit requesting that the court provide a transcript without cost, alleging that she was an indigent and, hence, without funds to pay for a transcript, and that being an indigent gave her a constitutional right to a free transcript. *Shannon* was restricted to its facts. None of the factors which motivated this court to allow the appellant to proceed there exist here. We therefore find that the husband's reliance on *Shannon* is misplaced.

Our attention is directed by the husband to the approach which several federal courts have taken to Rule 41(b) of

the Federal Rules of Civil Procedure. He argues that cases are dismissed for procedural failures only in "extreme circumstances." This may be; however, Fed. R. Civ. P. 41(b) pertains to dismissal of actions, not appeals.[5] While litigants should not be deprived of a right to appellate review without the exercise of discretion, we see less potential for harm in the dismissal of an appeal where the disappointed party at least had his day in court.

It should be noted that since this is a rule of repose, the validity of the appeal is not affected by the dismissal for inaction. The purpose of permitting an appellee to dismiss an appeal for failure to transmit the record is to provide a method to settle abandoned appeals and to expedite the orderly finalization of disputes by decisions of this court. Rule 12(c) is not designed to punish litigants; it is not simply a trap to snare otherwise responsible petitioners; it is to be applied with prudence. But, like the other rules of this court, Rule 12(c) will be enforced lest disorder prevail here.

Having been presented with no extraordinary circumstances, such as existed in *Shannon,* nor any acceptable excuse for the husband's failure to seasonably comply with the ordinary procedures of this court, we are constrained to deny the husband's appeal.

The appeal of the husband is denied and dismissed, the decision appealed from is affirmed, and the case is remanded to the Family Court.

*Milton Stanzler,* for Petitioner-Appellee.

*James P. Flynn,* for Respondent-Appellee.

---

[5]The Federal Rule of Appellate Procedure which provides for dismissal of appeals for untimely forwarding of the record and therefore is comparable to our Rule 12(c) is Fed. R. App. P. 12(c).