DECISION
Before this Court is Plaintiff Planned Environments Management Corp.'s motion to dismiss Defendants David Robert's and Stephen Woerner's appeal from summary judgment in Plaintiff's favor. Defendants object to Plaintiff's motion. This Court has jurisdiction pursuant to Rules 11(f) and 12(c) of the Supreme Court Rules of Appellate Procedure.[1]
The facts in this case relevant to this decision are few. On August 9, 2005, Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment were argued before Justice Fortunato. Defendants' counsel ordered the transcript on August 15, 2005, and, according to the docket sheet, the transcript was filed on August 25, 2005. An order granting summary judgment in Plaintiff's favor was entered on November 8, 2005, and, on November 14, 2005, Defendants filed a notice of appeal.[2] Defendants' counsel indicated on the notice of appeal that a transcript would not be ordered because the transcript was already in the Supreme Court's possession.
The docket sheet indicates no further activity in this case until July 11, 2006, when, nearly eight months after the notice of appeal, this case was certified to the Supreme Court. On August 7, 2006, Plaintiff filed the instant motion to dismiss Defendants' appeal "for failure to comply with Rules 10(b)(1) and 11(a) of the Supreme Court Rules of Appellate Procedure." Notably, however, Plaintiff neglected to provide supporting arguments for its motion.
Rule 11(a) provides, in relevant part, that
 "[t]he record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (c) of this rule. Promptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record."
In their objection to Plaintiff's motion to dismiss their appeal, Defendants acknowledge that the record was not transmitted to the Supreme Court within sixty days after filing of the notice of appeal. Defendants assert, however, that the record was not transmitted due to the clerk's — not their — error.
Whether the record was not transmitted due to the clerk's error is immaterial. It is well-settled that under Rule 11 it is the duty of the appellant "to ensure that the record is complete and ready for transmission." Small Bus. Loan Fund Corp. v. Gallant,795 A.2d 531, 532 (R.I. 2002) (citing Procopio v. PRM ConcreteCorp., 711 A.2d 650, 651 (R.I. 1998)); see also David A. Wollin,Rules of Appellate Procedure With Commentaries § 11.3, inRhode Island Civil and Appellate Procedure With Commentaries
(Robert B. Kent et al., 2004) ("the appellant must make sure that the trial court clerk complies with his or her obligation pursuant to Rule 11(b) to transmit the completed record to the Supreme Court").
Rule 11(c) of the Supreme Court Rules of Appellate Procedure provides that "[t]he trial court may extend the time for transmitting the record." "The request for extension," however, "must be made within the time originally prescribed or within an extension previously granted." Id. Here, the docket sheet reveals that in the nearly eight months that elapsed following the notice of appeal before this case was certified to the Supreme Court, Defendants never requested an extension. Furthermore, Rule 11(c) requires that "[a] motion for an extension of time for transmitting the record made in either court shall show that the inability of the appellant to cause timely transmission of the record is due to excuses beyond his or her control or to circumstances which may be deemed excusable neglect." Because Defendants were required to make sure that the trial court clerk transmitted the completed record to the Supreme Court, the clerk's failure to transmit the record does not qualify as an excuse beyond Defendants' control or circumstances that may be deemed excusable neglect. See Gallant,795 A.2d at 533 (citing Procopio, 711 A.2d at 651) (holding that the appellant's allegation that he relied on the trial court clerk's representation that a case could be sent to the Supreme Court for docketing without transcripts did not amount to excusable neglect and that "[t]he appellant, not the clerk, is responsible for the timely transmission of the record and the transcript"). This Court finds, therefore, that Defendants have failed to comply with Rule 11(a). Accordingly, this Court need not address Plaintiff's argument that Defendants failed to comply with Rule 10(b)(1).[3]
Plaintiff's motion to dismiss Defendants' appeal is granted. Counsel shall submit the appropriate order for entry.
[1] Rule 11(f) of the Supreme Court Rules of Appellate Procedure provides, in relevant part, that
 "[f]rom the time of the filing of notice of appeal the Supreme Court and trial courts shall have concurrent jurisdiction to supervise the course of said appeal and to promulgate orders of dismissal of appeal for failure to comply with these rules, either upon motion of a party or upon the court's own motion."
"From the time of the docketing of an appeal in the Supreme Court," however, "said Court shall have exclusive jurisdiction to supervise the further course of such appeal and enter such orders as may be appropriate, including orders of dismissal for failure to comply with these rules, either on motion of a party or on its own motion." Id. Because this case has not been docketed in the Supreme Court, this Court retains jurisdiction over the instant motion.
Rule 12(c) provides, in relevant part, that "[i]f the appellant shall fail to cause timely transmission of the record, any appellee may file a motion in the trial court to dismiss the appeal."
[2] On November 16, 2005, Defendants filed a second, identical notice of appeal, presumably because Defendants had paid only $150 with the first notice of appeal, which is half the required amount. See Sup. R. App. P. 5 ("When two (2) or more parties file a joint notice of appeal pursuant to Rule 3(b), each appellant shall pay one hundred fifty dollars ($150)."). Regardless, the two-day gap between notices has no bearing on the outcome of this case.
[3] Our Supreme Court has held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes waiver of that issue." State v. Lorenzo, 891 A.2d 864, 872
(R.I. 2006) (citations omitted); see also Sup. R. App. P. 16(a). Here, Plaintiff has failed to provide supporting arguments for its motion. In their objection, however, Defendants address Plaintiff's allegation, arguing that they fully complied with Rule 10(b)(1) because the transcript of the arguments before Justice Fortunato was ordered and filed before the notice of appeal was filed. Indeed, Defendants' notice of appeal indicated that a transcript would not be ordered because the transcript was already in the Supreme Court's possession. Rule 10(b)(1) provides, in relevant part, that "[w]ithin twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." This Court is satisfied, therefore, that insofar as Plaintiff's allegation pertains to the ordering and filing of the transcript, Defendants are in compliance with the rule.