249 A.2d 892.

ROBERT FIELDS *vs.* S. & M. FOODS, INC.

FEBRUARY 13, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a civil action instituted in the superior court whereby the plaintiff seeks recovery of damages because of the defendant's wrongful breach of a contract concerning the operation of a bakery concession in a Warwick restaurant. Due service of the summons was made upon the defendant's attorney for service of process on March 23, 1967. No entry of appearance or plea was filed for on behalf of the defendant. On May 9, 1967, the defendant was properly defaulted and following oral proof of claim, a judgment was entered for the plaintiff in the sum of $2,403. Execution then issued and was presented to the sheriff for service. The officer contacted a representative of the defendant. Sometime thereafter a motion was filed whereby the court was asked to remove the default judgment and recall the execution. This motion, for reasons which are not in the record, was denied without prejudice. The defendant filed a second motion. It was denied and the defendant appealed.

The defendant applied for relief under G. L. 1956, §9-21-2, as amended, which allows the court to relieve a party

from a final judgment upon a showing that it was entered by reason of mistake, inadvertence, surprise or excusable neglect. The defendant filed no affidavit nor offered any evidence in support of either one of its motions. This omission in and of itself is fatal to defendant. A party in default must upon a hearing on his motion make a factual showing that his failure to answer was due to excusable neglect and a mere statement in his motion that failure to answer was due to inadvertence or oversight is not a sufficient showing to set a default aside. *Nelson* v. *Coleman Co.*, 41 F.R.D. 7; *Phoenix Mut. Life Ins. Co. of Hartford, Conn.* v. *Reich*, 75 F. Supp. 886.

Even if we were to assume that the following allegations in defendant's second motion could have been considered by the superior court, they would not furnish any legal basis for the removal of the default judgment.

> "That due to some mistake, error or over-sight, the Defendant did fail to make answer to the writ and complaint in the aforesaid matter.

> "Further the Defendant states that through some error or over-sight the writ and complaint which was furnished to the office of his attorney * * * was misplaced and overlooked and at no time was he aware of the failure to file."

In *King* v. *Brown*, 103 R. I. 154, 235 A.2d 874, we enunciated the rule that unexplained neglect standing alone and without more, whether it be by a party or his attorney, will not automatically excuse noncompliance with orderly procedures. There is a complete absence of any evidence that the neglect present in this case was occasioned by some extenuating circumstances of sufficient significance to render it excusable.

The defendant's appeal is denied and dismissed, the order appealed from is affirmed and the case is remitted to the superior court.

*Toro and Crouchley, Eugene F. Toro,* for plaintiff.

*Saul Hodosh,* for defendant.