Ronald **PROCOPIO**

v.

**PRM CONCRETE CORPORATION and John J. McHale & Sons, Inc.**

No. 97–440–A.

Supreme Court of Rhode Island.

May 18, 1998.

John D. Biafore, Brian A. Goldman, Providence, Thomas Romano, Fall River, MA.

Lauren D. Wilkins.

**ORDER**

This case is before the court on the appeal of the plaintiff from a Superior Court dismissal of plaintiff's earlier appeal for failure to order a transcript and to transmit the record to this court. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this matter without further briefing or argument.

The underlying action involved a slip-and-fall accident which occurred in Massachusetts. The defendants filed a motion for summary judgment, contending that plaintiff's claim was not actionable under Massachusetts law because the plaintiff had slipped on a natural accumulation of snow. Following a hearing, the motion was granted and judgment entered for the defendants on December 4, 1996. The plaintiff filed his notice of appeal that same day, marking off that portion of the notice of appeal form which states, "Transcript Will Be Ordered," and estimating the transcription cost to be $100.

Nearly eight months later, defendants filed a motion in the Superior Court to dismiss plaintiff's appeal for failure to order a transcript, which they contended was required for competent review because the motion justice had made specific determinations regarding the applicability of Massachusetts law. The motion justice granted defendants' motion to dismiss, pursuant to Rules 10 and

11 of the Rules of Appellate Procedure. This appeal followed.

We need not address plaintiff's first contention that a transcript was unnecessary to support meaningful appellate review. Even if we were to accept this as true, plaintiff's appeal was still properly dismissed for his role in delaying the transmission of the record to this court past the mandated time frame.

Rule 11(a) reads, in pertinent part:

The record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after filing the notice of appeal unless the time is shortened or extended by an order entered under subdivision (c) of this rule. Promptly after filing the notice of appeal *the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record.*

Rule 11(a) (emphasis added).

This rule clearly places a duty on an appellant to ensure that the record is complete and ready for transmission. In *Town of Lincoln v. Cournoyer,* 118 R.I. 644, 375 A.2d 410 (1977), we held that failure to perfect an appeal under Rule 11, which requires transmission of the record within 60 days of filing the notice of appeal, "leaves [a would-be appellant] in the same position as not having filed notice at all." *Id.* at 648, 375 A.2d at 412.

The plaintiff argues that under Rule 11, it is the clerk's responsibility to transmit the record, so that any delay should be attributed to the clerk's failure to perform his duties. This argument is without merit. Under Rule 11(b), the clerk may only transmit a *completed* record to the Supreme Court. In the case at bar the plaintiff indicated on his notice of appeal that a transcript would be ordered, then failed to either order the transcript or inform the clerk that a transcript was no longer needed to complete the record. Plaintiff's failure under Rule 11(a) to take "action necessary to enable the clerk to assemble and transmit the record" is the sole cause behind the delay in transmission.

For the foregoing reasons, we find that the motion justice was well within her discretion in dismissing plaintiff's appeal. Accordingly, the plaintiff's appeal is denied and dismissed.