James DANIEL et al.

v.

George CROSS, in his capacity as Finance Director for the Town of Cumberland et al.

No. 98–539–Appeal.

Supreme Court of Rhode Island.

April 4, 2000.

David N. Bazar, Mary Ann Violette, East Providence, for Plaintiffs.

Joseph V. Cavanagh, Edmund L. Alves, Jr., Providence, Richard S. Cardozo, Cumberland, Karen A. Pelczarski, Providence, for Defendants.

Present WEISBERGER, C.J.,and
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Court for oral argument on March 7, 2000, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by the parties' cross-appeals should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown

and, therefore, proceed to decide the issues at this time.

The plaintiffs, James Daniel, his wife, Debra Daniel, and their children, Tanya Daniel and Derek Daniel (hereinafter referred to as plaintiffs), have appealed from the trial justice's refusal to add prejudgment interest to an award rendered by an arbitrator. The defendants, George Cross in his capacity as Finance Director of the Town of Cumberland, and the Town of Cumberland (hereinafter collectively referred to as the town), appeal from the trial justice's decision to waive the $100,000 liability limit set forth in G.L.1956 § 9–31–3. The facts insofar as pertinent to this appeal are as follows.

The plaintiff, James Daniel, was a custodian at Cumberland High School. During the course of his employment on July 25, 1991, he suffered injuries to his back and neck while moving wrestling mats. For purposes of litigation, the town acknowledged that it had failed to provide adequate training to plaintiff to perform this work safely and that it failed to provide proper equipment or a sufficient number of trained personnel to carry out this work safely. The parties further agreed that the town had "opted out" of the Rhode Island Workers' Compensation Act in 1989 by resolution adopted by the town council.

In the absence of any relief pursuant to the Workers' Compensation Act, plaintiff brought suit against the town for negligence. The case was submitted to court-annexed arbitration. The arbitrator awarded $732,945 to James Daniel, $56,880 to his wife, Debra Daniel and $18,960 each to their children, Tanya and Derek. The plaintiffs moved for entry of judgment on the arbitrator's award on April 16, 1998. Thereafter, on August 12, 1998, a justice of the Superior Court ordered that judgment be entered for plaintiffs in the amounts determined by the arbitrator, but denied plaintiffs' request for prejudgment interest and costs. He denied the town's request that damages be limited to $100,000 pursuant to the maximum set forth in the State Tort Claims Act, § 9–31–3. Both parties appealed.

Shortly before the appeals were docketed, plaintiffs moved in the Superior Court to dismiss the defendants' appeal for failure to order a transcript. A justice of the Superior Court granted the motion on November 13, 1998, but several months later the same justice granted the town's motion to vacate the dismissal of the appeal on the ground that a transcript had already been ordered and furnished by plaintiffs. The plaintiffs appealed from this order and that appeal was consolidated with the original cross-appeals, at a prebriefing conference before a justice of this Court. We shall first discuss the propriety of vacating the dismissal of the appeal.

Rule 10(b) of the Supreme Court Rules of Appellate Procedure provides in pertinent part that "[w]ithin ten (10) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." Pursuant to Rule 11(a), an appeal is not perfected until "[t]he record on appeal, including the transcript necessary for the determination of the appeal, [is] transmitted to the Supreme Court." Unless the time is shortened or extended pursuant to Rule 11(c), the record must be transmitted to this Court within sixty days after the filing of the notice of appeal. In the instant case, the town filed a notice of appeal on August 28, 1998, and plaintiffs filed a notice of their cross-appeal on August 31, 1998. On October 28, 1998, plaintiffs filed an application to extend time for transmission of the record on their cross-appeal only, and simultaneously filed a motion to dismiss the town's appeal for the town's failure to perfect its appeal as required by Rule 11. A Superior Court justice granted both motions. With respect to the dismissal motion, the motion justice decreed that the town's appeal was dismissed because the town failed to order a tran-

script in compliance with Rule 10 and failed to perfect its appeal pursuant to Rule 11.

On April 7, 1999, the town filed a motion to vacate the dismissal of its appeal, arguing that the office administrator had failed to file the transcript order prior to her departure for maternity leave, and that the town did not learn that the order had not been filed until October 28, 1998, when plaintiffs filed their dismissal motion. This motion was granted by the same motion justice who had granted the original dismissal motion.

■■■ It is well-settled that failure to perfect an appeal under Rule 11 is grounds for dismissal of an appeal. "[F]ailure to perfect an appeal under Rule 11 * * * 'leaves [a would-be appellant] in the same position as not having filed notice at all.' " *Procopio v. PRM Concrete Corp.*, 711 A.2d 650, 651 (R.I.1998) (quoting *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412 (1977)). Under the rules, "a trial justice may dismiss an appeal [for failure to perfect, and] our review of such a ruling will be limited to the question of whether, in so doing, the trial justice abused his [or her] discretion." *Armstrong v. Armstrong*, 115 R.I. 144, 146, 341 A.2d 37, 39 (1975). To determine whether there has been an abuse of discretion,

> "we adhere to the standard used in granting extensions of time for transmission of the record. As provided in Supreme Court Rule 11(c), such motions are not granted without a showing '* * * that the inability of the appellant to cause timely transmission of the record is due to *causes beyond his control or to circumstances which may be deemed excusable neglect.*' " *Id.* (Emphasis added.)

■■■ To establish excusable neglect, a litigant must show "that the neglect * * * was occasioned by some extenuating circumstances of sufficient significance to render it excusable." *Fields v. S. & M. Foods, Inc.*, 105 R.I. 161, 162, 249 A.2d

892, 893 (1969). Black's Law Dictionary 566 (6th ed.1990), defines "excusable neglect" as

> "a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party."

We held, in *Astors' Beechwood v. People Coal Co.*, 659 A.2d 1109 (R.I.1995), that "[e]xcusable neglect that would qualify for relief * * * is generally that course of conduct that a reasonably prudent person would take under similar circumstances." *Id.* at 1115 (quoting *Pari v. Pari*, 558 A.2d 632, 635 (R.I.1989)). There, we concluded that "counsel's explanation that it was 'an extremely busy time' for him was insufficient to constitute excusable neglect." *Id.*

■■ Likewise, excusable neglect cannot be found in the instant case. The town argued in its motion to vacate the dismissal of the appeal that the failure to file the transcript order was caused by the neglect of the office administrator who was supposed to file the order before she left for maternity leave. Such an excuse does not satisfy the standard in Rule 11(c) of excusable neglect or "causes beyond [one's] control." Indeed, the record in the instant case is replete with evidence of noncompliance on the part of the town. The original complaint in this action was filed in March 1994. On January 26, 1995, a forty-five day order entered against the town compelling it to file more responsive answers to interrogatories. The town did not comply with that order, and on August 20, 1997, a conditional order of default entered against the town. Pursuant to that order, the town had until October 3, 1997 to provide more responsive answers to interrogatories. The town again did not comply, and on April 10, 1998, a motion justice granted plaintiff's motion for entry of default for the town's failure to comply with

the discovery request. On April 30, 1998, the default was vacated. The case was subsequently heard, and appeals were filed.

When it filed its notice of appeal, the town indicated that it would order a transcript. Sixty days passed, during which time the town did not order a transcript or seek an extension to do so.[1] Accordingly, plaintiffs filed a motion to dismiss the appeal, which was granted on November 12, 1998. In response, the town did not file its motion to vacate the dismissal until the beginning of April 1999, almost four months after the appeal had been dismissed. Condoning the town's flagrant neglect of the judicial process by vacating the dismissal would make a mockery of the Rules of Appellate Procedure. The conduct of the town's representative cannot be described as excusable neglect. Rather, it would be more apt to describe this conduct as egregious indifference.

 Furthermore, the fact that plaintiffs already had ordered and furnished a transcript does not diminish the town's obligation to ensure that a transcript is ordered for its own appeal. Rule 11 "clearly places a duty on [each] appellant to ensure that the record is complete and ready for transmission." *Procopio*, 711 A.2d at 651. Accordingly, the town's appeal was properly dismissed, and the motion justice abused her discretion in vacating that dismissal. Because the motion justice abused her discretion in granting the motion to vacate the dismissal of the appeal, we need not address the issues raised by the town in support of its appeal.

 On their cross-appeal, plaintiffs have appealed from the trial justice's refusal to add prejudgment interest to the amount of the award that the court rendered as a judgment based upon the arbitrator's finding. We are of the opinion that the trial justice was correct in declining to add interest to that award in accordance with an unbroken line of cases in which we have held that interest may not be added to a judgment rendered against a state or municipality pursuant to the Tort Claims Act as long as the state or municipality is performing a governmental function. *See Housing Authority of Providence v. Oropeza,* 713 A.2d 1262, 1263 (R.I. 1998); *Matarese v. Dunham,* 689 A.2d 1057, 1058 (R.I.1997); *Andrade v. State,* 448 A.2d 1293, 1295 (R.I.1982).

For the reasons stated above, the town's appeal is denied and dismissed. The plaintiffs' appeal is also denied and dismissed, and the judgments of the Superior Court are affirmed.

---

1. Furthermore, once the case was docketed, the town failed to file a counter statement in accordance with Rule 12A of the Supreme Court Rules of Appellate Procedure. The town, however, did comply with an order from this Court to file a counter statement.