SMALL BUSINESS LOAN FUND
CORPORATION

v.

David M. GALLANT et al.

No. 2000–380–Appeal.

Supreme Court of Rhode Island.

May 3, 2002.

George E. Babcock, Providence, David M. Gallant, for Plaintiff.

Kelley A. Nickson, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, David M. Gallant (Gallant), has appealed an order of the Superior Court that dismissed the defendants' appeal from a summary judgment in favor of the plaintiff, the Small Business Loan Fund Corporation.[1] The case came before the Supreme Court for oral argument on April 8, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record, the oral arguments, and the memoranda of the parties, we are of the opinion that cause has not been shown, and we summarily affirm the dismissal.

Underlying this appeal was a dispute over the liability of defendants Gallant and Diane Cloutier–Gallant as personal guarantors on a promissory note. The note was executed in connection with a $75,000 loan from plaintiff to CW Acquisition Corporation d/b/a CW Corporation RIBCO Division, which allegedly defaulted on the loan. The Superior Court granted plaintiff's motion for summary judgment against both defendants, and final judgment was entered on September 8, 1999. Gallant's motion to vacate the summary judgment was denied, and twenty days after the entry of summary judgment, defendants jointly filed a notice of appeal

from the final judgment against them. On May 23, 2000, plaintiff moved to dismiss defendants' appeal for failure to order a transcript within the ten-day period set forth in Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure. The motion justice granted the motion, and Gallant has appealed that order.

This Court will reverse a Superior Court dismissal of an appeal only upon a finding that the motion justice abused his or her discretion. *Daniel v. Cross,* 749 A.2d 6, 9 (R.I.2000) (per curiam). Rule 10(b)(1) provides that, "[w]ithin ten (10) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." In addition, Rule 11(a) states,

"The record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (c) of this rule. Promptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record."

Under this rule, it is the duty of the appellant "to ensure that the record is complete and ready for transmission." *Procopio v. PRM Concrete Corp.,* 711 A.2d 650, 651 (R.I.1998) (mem.). "[F]ailure to perfect an appeal under Rule 11, which requires transmission of the record within 60 days

---

1. Although she signed the notice of appeal of the summary judgment in favor of plaintiff, defendant Diane J. Cloutier–Gallant has not joined in this appeal of the dismissal of the previous appeal. Gallant initiated this appeal *pro se,* but later engaged counsel, who argued on Gallant's behalf at oral argument but did not subsequently file an entry of appearance.

of filing the notice of appeal, 'leaves [a would-be appellant] in the same position as not having filed notice at all.' " *Id.* (quoting *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412 (1977); *see also State v. Pineda*, 712 A.2d 858, 861 (R.I.1998) (holding that failure to comply with Rule 10(b)(1) may result in dismissal of appeal). However, an appeal will not be dismissed for failure to perfect if "the inability of the appellant to cause timely transmission of the record is due to *causes beyond his control or to circumstances which may be deemed excusable neglect.*" *Daniel,* 749 A.2d at 9 (quoting *Armstrong v. Armstrong*, 115 R.I. 144, 146, 341 A.2d 37, 39 (1975)).

 Excusable neglect has been characterized as neglect "occasioned by some extenuating circumstances of sufficient significance to render it excusable," *Daniel,* 749 A.2d at 9 (quoting *Fields v. S. & M. Foods, Inc.,* 105 R.I. 161, 162, 249 A.2d 892, 893 (1969)); as "a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party," *id.* (quoting Black's Law Dictionary 566 (6th ed.1990)); and as "that course of conduct that a reasonably prudent person would take under similar circumstances," *id.* (quoting *Astors' Beechwood v. People Coal Co.,* 659 A.2d 1109, 1115 (R.I.1995)).

Gallant clearly violated both Supreme Court Rules 10(b)(1) and 11 by failing to order a transcript or to transmit the record of the Superior Court summary-judgment proceedings that he had attempted to appeal. He claimed, however, that the Superior Court Clerk told him that a case could be sent to the Supreme Court for docketing without transcripts. This allegation does not amount to excusable neglect. The appellant, not the clerk, is responsible for the timely transmission of the record and the transcript under our rules. *Procopio,* 711 A.2d at 651. Moreover, even if Gallant intended to appeal without ever ordering a transcript, it was incumbent on him so to inform the Court. Sup.Ct.R. 10(b)(1). Therefore, the motion justice did not abuse her discretion in dismissing the appeal.

Hence, we deny and dismiss this appeal, affirm the dismissal of the defendants' appeal of the summary judgment in favor of the plaintiff, and return the papers of the case to the Superior Court.