Margaret STEPP

v.

Thomas STEPP.

No. 2005–227–Appeal.

Supreme Court of Rhode Island.

May 26, 2006.

Gary Blais, Providence.

Barbara Blais and Katherine Garcia.

## O R D E R

The plaintiff, Margaret Stepp (plaintiff), is before the Supreme Court on appeal from a Family Court order granting the motion of the defendant, Thomas Stepp (defendant), to dismiss her appeal in this divorce action. The appeal was dismissed because the plaintiff failed to perfect her appeal on a timely basis in violation of the Supreme Court Rules of Appellate Procedure. The plaintiff did not transmit the transcript within sixty days after filing a notice of appeal in violation of Article I, Rule 11 of the Supreme Court Rules of Appellate Procedure. For the reasons set forth herein, we affirm the judgment of the Family Court.

On March 14, 1991, plaintiff filed a complaint for divorce from defendant. On June 17, 1992, a contested divorce trial was heard by a justice of the Family Court. Although a decision was rendered, final judgment was not entered.[1] On September 14, 2004, defendant filed a motion seeking an order allowing him to file both the decision pending entry of final judgment and the final judgment out of time. The plaintiff responded by filing a motion to dismiss her divorce complaint. The motions were heard by a Family Court justice who, on December 3, 2004, directed that

final judgment be entered, *nunc pro tunc.* The hearing justice denied plaintiff's motion to dismiss. On December 8, 2004, plaintiff filed an objection to the entry of final judgment alleging that it should not have been entered *nunc pro tunc.* The plaintiff also sought attorney's fees and costs, an accounting of defendant's assets and alimony, and an order adjudging defendant in contempt.

On January 10, 2005, a justice of the Family Court denied plaintiff's motion to strike the entry of final judgment. The remaining motions were continued, pending plaintiff's appeal. Although plaintiff filed a notice of appeal on January 28, 2005, she failed to order the hearing transcript. On May 16, 2005, defendant moved to dismiss the appeal for failure to perfect the appeal in a timely manner. The plaintiff ordered the transcript on May 19, 2005, and sought to stay the proceedings in Family Court.

The motions were heard before a justice of the Family Court on June 2, 2005. At the hearing, plaintiff's counsel claimed that the failure to order the transcript was the result of excusable neglect by his office staff. The hearing justice concluded, however, that plaintiff had not perfected her appeal in a timely fashion, and dismissed the appeal.

Before this Court, plaintiff sets forth several arguments that are irrelevant to the single issue before this Court – whether the dismissal of plaintiff's appeal was proper. This Court reviews the dismissal of an appeal under an abuse of discretion standard. *Small Business Loan Fund Corp. v. Gallant,* 795 A.2d 531, 532 (R.I. 2002). Here, the hearing justice found that plaintiff failed to perfect her appeal in a timely manner and that this was not the result of excusable neglect. The hearing

---

1. We pause to note that a fourteen-year delay    in the entry of final judgment is unacceptable.

justice certainly did not abuse his discretion in making that finding. Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure provides that "[w]ithin twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." In addition, Rule 11(a) requires that "[t]he record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal unless the time is shortened or extended by an order[.]" In *Procopio v. PRM Concrete Corp.*, 711 A.2d 650 (R.I. 1998) (mem.), this Court held that it is the appellant's duty "to ensure that the record is complete and ready for transmission." *Id.* at 651. Further, failing to perfect an appeal under Rule 11, by transmitting the record within sixty days of filing the notice of appeal, " 'leaves [a would-be appellant] in the same position as not having filed notice at all.' " *Procopio*, 711 A.2d at 651.

It is clear from the record before us that the plaintiff failed to perfect her appeal by ordering and filing the transcript in accordance with Rules 10(b) and 11(a). The plaintiff did not order the transcript for nearly four months after she claimed an appeal. At the Family Court hearing, the plaintiff's counsel argued that the delay in obtaining the transcript was "an error through [his] office." We consistently have held that such an excuse is not sufficient to meet the standard for excusable neglect set forth in Rule 11(c). *See Daniel v. Cross*, 749 A.2d 6, 9 (R.I.2000) (holding that office administrator's failure to order the transcript before she left for maternity leave was not excusable neglect). The plaintiff's failure to take the " 'action necessary to enable the clerk to assemble and transmit the record' is the sole cause behind the delay in transmission." *Procopio*, 711 A.2d at 651. Thus, the hearing justice did not abuse his discretion by dismissing the plaintiff's appeal.

For the reasons stated herein, we affirm the judgment of the Family Court and remand this case for further proceedings.

Justice SUTTELL did not participate.