**Nicholas C. SENTAS**

v.

**Ruth SENTAS.**

**No. 2005–310–Appeal.**

Supreme Court of Rhode Island.

Dec. 14, 2006.

---

Stephen A. Rodio, Providence, for Plaintiff.

Ruth M. Sentas, pro se, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, Ruth Sentas (defendant), appeals *pro se* from a Superior Court order granting a motion to dismiss an appeal that was filed by the plaintiff, Nicholas C. Sentas (plaintiff). This case came before the Supreme Court for oral argument on November 1, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court dismissing this action.

## I

### Facts and Travel

Despite the relative simplicity of the factual circumstances giving rise to this action, the procedural posture of this case is somewhat complex. This appeal involves defendant's liability on a promissory note she executed on August 6, 2001, for $110,000, plus interest. The plaintiff commenced this breach of contract action in the Superior Court on April 28, 2004, seeking to recover that $110,000, plus interest and costs owed pursuant to the note's terms. Service of process was made upon defendant on May 15, 2004. Having not received an answer from defendant within the twenty days afforded by Rule 12(a)(1)(A) of the Superior Court Rules of Civil Procedure, plaintiff moved for entry of default, which was entered on June 11, 2004. On June 29, 2004, a default judgment for $122,518.06 entered in plaintiff's favor.

On March 10, 2005, over eight months after default judgment was entered, defendant, who then was represented by counsel, filed a motion to vacate the default judgment. To support her motion, defendant argued that the judgment was void for lack of personal jurisdiction and that there were extenuating circumstances justifying her lack of response. After a hearing on March 23 and 29, 2005, the Superior Court denied defendant's motion by order dated April 4, 2005. The defendant filed a timely notice of appeal on April 21, 2005. Although defendant indicated on her notice of appeal that she would order a transcript of the Superior Court hearing, she failed to do so.

On June 29, 2005, plaintiff moved to dismiss defendant's appeal, citing defendant's failure to timely order a transcript, transmit the record on appeal, or file a mediation statement in accordance with Article I, Rules 10, 11, and Provisional Rule A(4) of the Supreme Court Rules of Appellate Procedure.[1] After a hearing, an order entered in the Superior Court on July 13, 2005, granting plaintiff's motion to dismiss the appeal. On July 27, 2005,

---

1. Two days after plaintiff moved to dismiss defendant's appeal, defendant's counsel moved to withdraw their appearance, which was granted on July 14, 2005.

defendant timely appealed this July 13 order, again noting her intention to order a transcript. However, defendant never ordered the transcript of the July 13 hearing; instead, defendant ordered a transcript of an April 23, 2005 hearing.[2]

## II

## Analysis

■ The defendant raises several arguments on appeal, centering on her allegation that the motion justice erred when he denied her motion to vacate the default judgment. However, none of these arguments are properly before this Court.[3] As plaintiff aptly notes, the only issue presented by this appeal is the propriety of the Superior Court's dismissal of defendant's initial appeal from the denial of her motion to vacate the default judgment.

## A

## Standard of Review

■ It is well established that "[t]his Court will reverse a Superior Court dismissal of an appeal only upon a finding

---

**2.** Although defendant ordered a transcript of an April 23 hearing, no record of a hearing on that day can be found. The transcript for the *March* 23 and 29 hearing on defendant's motion to vacate entry of default was misdated and reads "April 23, 29, 2005." Correspondence from defendant to the Superior Court clerk's office indicates that defendant believed she had ordered a transcript for a March hearing. Nevertheless, the proper transcript of the July 13, 2005 hearing never was ordered.

**3.** In her notice of appeal—date-stamped July 27, 2005—defendant indicated that she was appealing the Superior Court's dismissal of her appeal on July 13. Despite this indication, plaintiff attempts to bootstrap into her current appeal arguments relating to the motion justice's denial of her motion to vacate the default judgment. These arguments would have been properly before us only if defen-

that the motion justice abused his or her discretion." *Small Business Loan Fund Corp. v. Gallant,* 795 A.2d 531, 532 (R.I. 2002); *see also Stepp v. Stepp,* 898 A.2d 724, 724 (R.I.2006) (mem.).

## B

## Failure to Provide Transcript

Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure provides that "[w]ithin twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." Rule 11(a) of our rules elaborates on this requirement:

> "The record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (c) of this rule. Promptly after filing the notice of appeal the ap-

---

dant successfully had appealed the motion justice's denial of her motion to vacate the default judgment. However, defendant sat on any rights she may have had to prosecute that appeal. We decline now to allow defendant a second bite at the apple. *See Griggs v. Estate of Griggs,* 845 A.2d 1006, 1011 (R.I.2004).

Furthermore, Article I, Rule 3(c) of the Supreme Court Rules of Appellate Procedure expressly requires appealing parties to designate in their notice of appeal "the judgment, order or decree or part thereof appealed from." We will not consider "an issue on appeal for which a notice of appeal never was filed." *State v. Hallenbeck,* 878 A.2d 992, 1020 (R.I.2005). Because defendant has filed a notice of appeal only from the July 13 order, we cannot properly consider defendant's belated arguments regarding the motion justice's denial of her motion to vacate entry of default judgment.

pellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record."

Furthermore, Article I, Rule 3(a) of the Supreme Court Rules of Appellate Procedure impresses upon litigants the potential consequences of failing to comply with this requirement:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal or payment of a filing fee as prescribed by these rules does not affect the validity of the appeal, but is ground only for such action as the Supreme Court or trial court deems appropriate, *which may include dismissal of the appeal.*" (Emphasis added.)

■■■ Ultimately, it is the appellant's duty "to ensure that the record is complete and ready for transmission." *Small Business Loan Fund Corp.*, 795 A.2d at 532 (quoting *Procopio v. PRM Concrete Corp.*, 711 A.2d 650, 651 (R.I.1998) (mem.)). Even if an appellant opts to appeal without a transcript, it is the appellant's responsibility to so inform the Court. *Id.* at 533 (citing Sup.Ct. R. 10(b)(1)). This Court has warned that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *731 Airport Associates, LP v. H & M Realty Associates, LLC,* 799 A.2d 279, 282 (R.I.2002). "Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Id.* (citing *DePetrillo v. Coffey,* 118 R.I. 519, 521 n. 1, 376 A.2d 317, 318 n. 1 (1977). Failing to transmit a record "within [sixty] days of filing the notice of appeal, 'leaves [a would-be appellant] in the same position as not having filed notice at all.'" *Small Busi-*

*ness Loan Fund Corp.*, 795 A.2d at 532–33 (quoting *Procopio,* 711 A.2d at 651).

■■■ Although dismissal of the appeal may be appropriate, "an appeal will not be dismissed for failure to perfect if 'the inability of the appellant to cause timely transmission of the record is due to causes beyond his [or her] control or to circumstances which may be deemed excusable neglect.'" *Id.* at 533 (quoting *Daniel v. Cross,* 749 A.2d 6, 9 (R.I.2000)) (emphasis omitted). A litigant asserting excusable neglect must demonstrate extenuating circumstances sufficient to excuse his or her noncompliance with the court rules. *Daniel,* 749 A.2d at 9. Unexplained neglect alone is insufficient to excuse a party's noncompliance. *Iddings v. McBurney,* 657 A.2d 550, 553 (R.I.1995). Rather, "[e]xcusable neglect that would qualify for relief * * * is generally that course of conduct that a reasonably prudent person would take under similar circumstances." *Daniel,* 749 A.2d at 9 (quoting *Astors' Beechwood v. People Coal Co.,* 659 A.2d 1109, 1115 (R.I.1995)).

■■■ Not only has defendant failed to perfect the present appeal by providing this Court with the proper transcript, but an identical error was among the procedural missteps that prompted the dismissal of defendant's first appeal. The defendant's failure to provide this Court with a transcript of the July 13 hearing leaves us unable to conduct any meaningful review of the lower court's decision. Without a transcript of the hearing we are unable to determine whether the motion justice abused his discretion in dismissing defendant's appeal from the denial of her motion to vacate the default judgment.

■■■ The record in this case is devoid of any explanation for defendant's failure to timely order a transcript of the July 13 hearing. This Court is aware only

that defendant failed to order the proper transcript, which alone does not constitute excusable neglect. Rather, it is our opinion that the reasonably prudent person would ensure that he or she has ordered the correct transcript to perfect the appeal. Furthermore, defendant's election to proceed *pro se* in this appeal does not excuse her from compliance with court processes. "Even if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber v. Cavanagh*, 568 A.2d 326, 330 (R.I.1990). Moreover, notwithstanding defendant's current *pro se* status, defendant was, in fact, represented by counsel when her original appeal was dismissed. Even if defendant had perfected this appeal, her only explanation for failing to timely order a transcript of the March 23 and 29 hearings was that she was enduring financial difficulties and had trouble communicating with the court stenographer. These allegations alone are insufficient to demonstrate excusable neglect, given that it is the appellant's responsibility to timely transmit both the record and the transcript to this Court.

Without a transcript of the hearing on the plaintiff's motion to dismiss the defendant's appeal, we are unaware of whether the defendant asserted any explanation for her neglect to the motion justice. Therefore, we are unable to determine whether the motion justice abused his discretion in dismissing the defendant's appeal from the denial of her motion to vacate the default judgment.

## Conclusion

For the reasons stated herein, we affirm the Superior Court's order dismissing the defendant's appeal, and we remand the record to the Superior Court.