DECISION
This matter is before the Court on the Defendants' Motions to Vacate.
 Agreed Facts
On May 13, 2008, Deborah Owens was injured when a tree branch fell upon her. Her neighbor, Kenneth Saute, Jr., knew of the injury as he fixed the damaged fence and asked about her condition on the same day. Several days later, he again asked about her condition and indicated that he had insurance. A letter of representation was sent to Defendants by counsel for the Plaintiffs.[1]
Suit was initiated in June 2008. On July 10, 2008, the summons and complaint were served on the Defendants by in-hand service on their sixteen-year old daughter. Neither Defendant responded to the complaint. Mr. Saute acknowledged receiving this service from his daughter. (Mr. Saute Aff. of May 18, 2010.) Mr. Saute was also served with a subpoena duces *Page 2 
tecum for a deposition on August 25, 2008. He did not appear at the deposition.[2] Certified mail and regular mail was sent to Mr. and Mrs. Saute in September and October 2008. The certified mail was unclaimed, and the regular mail was not returned. (Aff. of Ms. Golde, January 13, 2011.) Mr. Saute's refusal to accept in-hand process is demonstrated by Mr. Noury's affidavit of January 13, 2011.
On October 3, 2008, Mr. and Mrs. Saute were defaulted for their failure to answer the summonses. An oral proof of claim was scheduled but continued several times. Mr. Saute refused service of process during this time. Counsel entered for Defendants in November 2008. On February 12, 2010, the proceeding went forward, with Defendants represented by counsel. (See Exhibit E.) In February 2010, judgment entered. In March 2010, executions were issued and Defendants moved to vacate and stay. The Court granted the stay, but Defendants failed to file the bond which was a condition for the stay.
The Plaintiffs moved for contempt and an order to lift the stay in May 2010. In response, three new attorneys appeared for Defendants and pressed the Motion to Vacate. After some discovery, continuances, and an attempt at mediation, the motion proceeded to hearing. On January 10, 2011, the Court denied the motion for contempt, denied the request to stay the enforcement of the judgment and reserved decision on the Motion to Vacate.
 Issues Presented
The Defendants move to vacate the default and the judgment on several grounds. First, they claim that the default is void as the request for default does not identify which Plaintiff the default is sought for. At this stage in the proceedings, the complaint was completely *Page 3 
unresponded to. Apparently, two separate forms were submitted by counsel, both Plaintiffs were listed on each form and the clerk therefore entered two defaults. Both of the Defendants were defaulted. To claim otherwise is to ignore the form and the substance. It is the Defendants' complete failures to heed to the requirements of the law which placed them in this predicament.
Second, the Defendants claim that no permanency was suggested in the complaints, so the Plaintiffs cannot receive such a large recovery. While the June 2008 complaint may not reference the word "permanent" specifically, it does indicate that the damages are "severe" including "a loss of earning capacity" and "grievous injury including pain and suffering, medical expenses." They simply demand judgment in an "amount sufficient" — no specific monetary limit. This is in compliance with Super. R. Civ. P. 7(a) which states, "the pleading shall not state the amount claimed," and subjected the Defendants to unlimited exposure. The judgment rendered was in compliance with the complaint. The Defendants cite no case requiring an allegation of permanency in the pleadings, only cases where judgment exceeded what was specifically prayed for.
Third, the Defendants claim that cause has been shown to vacate the default judgment. A sixteen-year old daughter received process. She gave it to Mr. Saute, as he had knowledge. Perhaps Mr. Saute chose not to speak to his wife, but there is no testimony from the daughter. Indeed, it was the daughter's responsibility to pass it to her mother, whether she was getting along with her, or not. After Plaintiffs' counsel went from insurance company to insurance company to find coverage (with no help from the Defendants), Mr. Saute refused service of process for a subpoena. Counsel then represented both Defendants, delayed the oral proof of claim hearing and was present at the hearing. While counsel claims Mr. Saute was *Page 4 
"overwhelmed with issues," the summons and the complaint are obviously important. During the twenty days he had ample time to contact counsel or his insurer. Apparently, he did nothing.
Defendants also claim that the judgment entered was not a final judgment. The document, entitled "JUDGMENT" states "that Judgment shall enter. . . ." Reyes v. Providence Place Group, L.L.C.,853 A.2d 1242 (R.I. 2004). After a proof of claim hearing inReyes, the trial court directed counsel to prepare a judgment. "After the hearing, Reye's counsel entered an order directing `that judgment may enter.'" Id. at 245. See alsoNorwest Mortgage, Inc. v. Masse, 799 A.2d, 260 (R.I. 2002). The High Court found that no separate judgment document was entered hence the trial court had not entered judgment. Here, the trial court had entered a document entitled "Judgment," not an order. Signed by the clerk, and the justice, it meets all of the requirements for a judgment pursuant to Rule 58. Nevertheless, it did not say that it was a final judgment. Whether claims remain for Plaintiff Michael Ouellette is unclear.
 Analysis
As the Defendants' arguments raise distinct issues for each of them, the Court will consider their motions separately. Mr. Saute does not deny that he knew of the action, was served, and admits he refused to respond. His claim that he was overwhelmed with a variety of issues at the time, extending into months of inactivity while avoiding service of process, does not qualify as mistake, inadvertence, excusable neglect, or any other ground to void a judgment pursuant to Super. R. Civ. P. 60. Indeed, he was represented by counsel at the proof of claim hearing. The motion to vacate Mr. Saute's judgment is therefore denied. Indeed, given Mr. Saute's total disregard for the Court's actions, in the face of significant warnings by constables, summonses and subpoenas, this Court cannot even find good cause shown to justify vacating a mere default by Mr. Saute. *Page 5 
Ms. Saute claims she did not know of the proceedings, as her family allegedly failed to inform her of the service of process. Counsel was present for her at the proof of claim.[3] The question remains, however, whether her neglect was excusable. Fortunately our High Court provides significant guidance:
 "Excusable neglect" is a more rigorous standard than "good cause," and it requires a party to show "that the neglect * * * was occasioned by some extenuating circumstances of sufficient significance to render it excusable." Daniel v. Cross, 749 A.2d 6, 9 (R.I. 2000) (per curiam) (quoting Fields v. S. M. Foods, Inc., 105 R.I. 161, 162, 249 A.2d 892, 893 (1969) (per curiam)). We have held that the excusable neglect that would qualify a party for relief "is generally that course of conduct that a reasonably prudent person would take under similar circumstances." Id. (quoting Astors' Beechwood v. People Coal Co., 659 A.2d 1109, 1115 (R.I. 1995)). . . .
 Reyes v. Providence Place Group, L.L.C., 853 A.2d 1242, 1248 (R.I. 2004)
Ms. Saute stated, under oath, that she did not know of the service or proceedings until after the default. (Aff. of May 18, 2010.) While this may constitute good cause under Super. R. Civ. P. 55, it does not necessarily constitute excusable neglect, as the Court is unsure whether Ms. Saute knew of the later proceedings leading up to the judgment. Her statements also seem inconsistent with the affidavits of the Plaintiffs of September 13, 2010. As the memoranda focused on the incorrect standard (Rule 55(c), not Rule 60), and there are factual issues, the Court will reschedule Ms. Saute's motion for a later date, so the proper standard may be applied, and continues to reserve on her Motion to Vacate.
While a judgment was entered, it was not a final judgment. The claims of Mr. Oullette appear to be outstanding, and the judgment does not indicate finality. However, the issue of *Page 6 
whether judgment by Ms. Owens against Mr. Saute has been fully adjudicated at this level and there appears to be no just reason for delay of entry of this final judgment, but the Court will await a proper motion. Given this situation, however, the Court treats the removal of the execution with trepidation. Clearly, a judgment remains against Mr. Saute, and the Plaintiff has sought to encumber his interest in the real estate. Any motions to vacate, or recall the executions are therefore denied without prejudice.
 Conclusion
Mr. Saute's Motion to Vacate is denied. Ms. Saute's Motion to Vacate is reserved, pending further hearings. The motion shall be scheduled for hearing on April 28, 2011, at 2:00 p.m. Any Motions to Vacate or recall the executions are denied without prejudice.
[1] Many of these facts are taken from the stipulation of facts at the January 2011 hearing and the affidavit of counsel of January 13, 2011.
[2] Through the summer and fall of 2008, counsel for the Plaintiff diligently struggled to identify the Defendants' insurer. She even subpoenaed the mortgage records to identify the insurer. Three separate companies indicated that they did not cover the loss.
[3] While the transcript of the proof of claim hearing is not clear, counsel entered as attorney for both Mr. and Mrs. Saute and objected to the proof of claim on behalf of each of them.
 *Page 1