Kathleen PELOSI

v.

Milton D. PELOSI.

Nos. 2009–202–Appeal, 2010–426–Appeal.

Supreme Court of Rhode Island.

June 13, 2012.

Christopher E. Friel, Esq., Warwick, for Plaintiff.

Milton D. Pelosi, Pro Se.

Present: SUTTELL, C.J., GOLDBERG, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON, for the Court.

The *pro se* defendant, Milton D. Pelosi, appeals from two orders of the Family Court.[1] The first order from which the defendant appeals is an order denying his motion to vacate the entry of the interlocutory judgment and the final judgment of divorce. The second order from which the defendant appeals is an order which granted the motion to dismiss his appeal, which motion was brought by the plaintiff, Kathleen Pelosi. On appeal, the defendant contends that he was never provided notice of (1) the entry of the final judgment of divorce or (2) the hearing pursuant to which the amended final judgment was entered. Accordingly, the defendant requests that this Court vacate both of those judgments and, he also requests that this Court vacate the order dismissing his appeal.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument. For the reasons set forth hereinafter, we affirm the order of the Family Court dismissing defendant's appeal.

## I

### Facts and Travel

The plaintiff and defendant were married on September 5, 1981, and one child was born of that union. The plaintiff filed a complaint for divorce on May 6, 2003, citing irreconcilable differences that had led to the irremediable breakdown of the marriage. An "interlocutory decision pending entry of final judgment" was entered on April 19, 2004; that decision granted the parties an absolute divorce and also decided certain related issues— including child custody, child support, and the division of marital property and debt. A final judgment of divorce was entered on October 25, 2004; that final judgment incorporated by reference and made a part thereof the findings of fact contained in the interlocutory decision. The defendant was represented by counsel at the time of the entry of both the interlocutory decision and the final judgment.

On July 29, 2007, plaintiff filed a motion to enter an amended final judgment *nunc pro tunc* to October 25, 2004. The plaintiff's attorney certified that he had mailed a copy of said motion to defendant's attorney. The amended final judgment was entered on October 1, 2007, which judgment reflected "agreements that were reached on undisposed of issues."

On September 30, 2008, defendant, citing Rule 60 of the Family Court Rules of Procedure for Domestic Relations, filed a *pro se* motion whereby he sought to have the court vacate both the interlocutory decision and the final judgment; defendant also filed his entry of appearance as a *pro se* litigant. The plaintiff filed an objection to defendant's Rule 60 motion, contending (1) that defendant was barred from filing such a motion in view of the "one (1) year limitation" provided for in Rule 60; and (2) that defendant had failed to "state any reason or rationale why, in accordance with Rule 60, either the Interlocutory Decision or [the] Final Judgment of Divorce should be vacated."

---

1. The two separately docketed appeals were consolidated by order of this Court on January 14, 2011.

On February 16, 2009, a hearing was held before a justice of the Family Court with respect to defendant's Rule 60 motion; plaintiff was represented by counsel at that hearing, while defendant appeared *pro se*. At the hearing, defendant asked the court to vacate the final judgment of divorce. The plaintiff's attorney responded (1) that he had reached an agreement with the attorney who was representing defendant prior to the entry of final judgment and (2) that pursuant to that agreement, the final judgment was entered. At the February 16, 2009 hearing, plaintiff's attorney expressed his opinion that defendant's "problem [was] more with prior counsel than with the order of this Court." After hearing the arguments of both parties, the hearing justice told defendant that he would have to prove through his prior counsel "that there was no agreement [as to the entry of the final judgment];" the hearing justice added that, if there was no agreement, he would vacate the judgment.

On April 27, 2009, a further hearing was held before the same justice of the Family Court as had presided over the February 16 hearing. At that hearing, plaintiff's counsel noted that defendant had not objected to plaintiff's motion to enter an amended final judgment (which motion was filed on July 29, 2007) and that defendant had filed his motion to vacate "well outside of the scope of the time frame set forth in Rule 60." In addition, plaintiff's attorney stated that defendant's attorney had not appeared at the three scheduled hearings with respect to the amended final judgment; plaintiff's attorney further stated that, when defendant's attorney failed to appear at the third hearing, he had contacted the attorney; he said that the

attorney had no objection to the entry of said judgment. At the conclusion of the hearing, the Family Court justice denied defendant's motion to vacate. On April 29, 2009, defendant appealed to this Court. Thereafter, the order denying defendant's motion to vacate was entered.[2]

Over the next several months, defendant filed numerous motions to extend the time in which to transmit the record to this Court; he filed those motions in both the Family Court and in this Court. The most recent order granting an extension of time within which to transmit the record was entered by this Court on January 15, 2010; that order instructed that the record "shall be transmitted on or before February 15, 2010."

On May 10, 2010 (over one year after defendant had filed his notice of appeal and almost three months after the expiration of the last extension of the time within which to transmit the record), plaintiff filed in the Family Court a motion to dismiss defendant's appeal. The plaintiff stated as grounds for her motion that defendant had failed to perfect his appeal in accordance with the Rules of Procedure for Domestic Relations and that "all applicable time periods in which the Defendant had to effectuate his appeal, have long since expired." In response, defendant filed a motion to "overrule and deny [the] motion to dismiss [the] appeal."

At a hearing held on July 20, 2010, a justice of the Family Court heard arguments on plaintiff's motion to dismiss. The plaintiff's attorney argued that defendant "had plenty of time to obtain [the] transcripts in order to perfect this appeal." The defendant, who was once again appearing *pro se*, replied that "as late as February, the Clerk of the Court made

---

2. Although defendant's notice of appeal was prematurely filed, this Court is not thereby deprived of appellate jurisdiction. *See, e.g.,* *Toegemann v. City of Providence*, 21 A.3d 384, 386 n. 3 (R.I.2011); *In re Kayla N.,* 900 A.2d 1202, 1206 n. 6 (R.I.2006).

[the] contention that he was still working and the reporters were still working on producing the transcripts." Noting that February was "five months ago," the hearing justice granted plaintiff's motion to dismiss the appeal. An order granting said motion was entered on September 13, 2010. Thereafter, defendant appealed.

## II

### Standard of Review

■ In reviewing a trial court's dismissal of an appeal, we shall reverse the trial court's decision "only upon a finding that the motion justice abused his or her discretion." *Small Business Loan Fund Corp. v. Gallant*, 795 A.2d 531, 532 (R.I. 2002); *see also Sentas v. Sentas*, 911 A.2d 266, 269 (R.I.2006); *Daniel v. Cross*, 749 A.2d 6, 9 (R.I.2000).

## III

### Analysis

■ We first note that the Family Court had jurisdiction over this case at the time that it entered the order granting plaintiff's motion to dismiss—since from the time the notice of appeal was filed until the docketing of the appeal in this Court (which, in this case, did not occur until November 16, 2010), this Court and the Family Court had concurrent jurisdiction over the appeal, permitting either court to "promulgate orders of dismissal of appeal for failure to comply" with the Supreme Court Rules of Appellate Procedure. *See* Article I, Rules 11(f) and 12(c) of the Supreme Court Rules of Appellate Procedure; *see also Van Thiel v. Albani*, 736 A.2d 84, 85 n. 1 (R.I.1999) (mem.).

Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure provides that, "[w]ithin twenty (20) days after filing the notice of appeal," the appellant must order such transcripts of the proceedings "as the appellant deems necessary for inclusion in the record." *See Valkoun v. Frizzle*, 973 A.2d 566, 574 (R.I. 2009). Rule 11(a) of the Supreme Court Rules of Appellate Procedure provides that the record on appeal, including the transcript necessary for the determination of the appeal, shall be filed with this Court within sixty days after the filing of the notice of appeal, unless that time period is shortened or extended by court order. *See Estate of Mitchell v. Gorman*, 970 A.2d 1, 5 (R.I.2009).

Moreover, Rule 11(c) provides that a request for an extension of time in which to transmit the record "must be made within the time originally prescribed or within an extension previously granted;" it goes on to state that "the trial court shall not extend the time to a day more than ninety (90) days from the date of filing of the first notice of appeal."

■ Article I, Rule 3(a) of the Supreme Court Rules of Appellate Procedure "empowers the trial justice to dismiss an appeal for failure to comply with the above-referenced rules." *Estate of Mitchell*, 970 A.2d at 5; *see also Sentas*, 911 A.2d at 270. Moreover, "[i]t is well-settled that failure to perfect an appeal under Rule 11 is grounds for dismissal of an appeal." *Daniel*, 749 A.2d at 9; *see Gallant*, 795 A.2d at 532–33 ("[F]ailure to perfect an appeal under Rule 11 * * * leaves [a would-be appellant] in the same position as not having filed notice at all." (alterations in original) (internal quotation marks omitted)); *see also Sentas*, 911 A.2d at 270. However, a court should not dismiss an appeal for failure to perfect the record "if the inability of the appellant to cause timely transmission of the record *is due to causes beyond his control or to circumstances which may be deemed excusable neglect.*" *Gallant*, 795 A.2d at 533 (emphasis in orig-

inal) (internal quotation marks omitted); *see also* Rule 11(c); *Valkoun,* 973 A.2d at 574; *Sentas,* 911 A.2d at 270; *Daniel,* 749 A.2d at 9.

■ The defendant's only articulated reason for the failure to transmit the transcripts during the fifteen month period between the filing of his notice of appeal and the hearing on plaintiff's motion to dismiss the appeal was his statement to the hearing justice that the clerk and the court reporters "were still working on producing the transcripts" and, his assertion in his Rule 12A Statement to this Court, that the transcripts "were yet to be completed." [3]

We have previously stated that "[t]he appellant, not the clerk, is responsible for the timely transmission of the record and the transcript under our rules." *See Gallant,* 795 A.2d at 533; *see also Estate of Mitchell,* 970 A.2d at 5; *Procopio v. PRM Concrete Corp.,* 711 A.2d 650, 651 (R.I. 1998) (mem.). We consider the quoted statement from this Court's opinion in the *Gallant* case to be particularly applicable to the circumstances of the instant case; defendant clearly did not do enough to satisfy his responsibility with respect to

"the timely transmission of the record and the transcript[s] * * *." *See Gallant,* 795 A.2d at 533.

For these reasons, we hold that the trial justice did not abuse his discretion in granting the plaintiff's motion to dismiss on the grounds that the defendant had failed to perfect his appeal. Accordingly, we need not reach the defendant's argument with respect to his appeal from the denial of his motion to vacate.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the order of the Family Court dismissing the defendant's appeal. The record in this case may be returned to that tribunal.

Justice FLAHERTY did not participate.

---

**3.** We note that the transcripts were eventually filed with this Court on November 16, 2010.