**Supreme Court**
No. 2023-239-Appeal.
(WC 19-1004)

Kristina Ransom              :

       v.              :

Patrick Greichen.              :

**O R D E R**

This case came before the Supreme Court on April 9, 2024, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we are satisfied that cause has not been shown and that the appeal may be decided at this time without further briefing or argument. The defendant, Patrick Greichen, appeals from a June 4, 2023 order of the Family Court directing Mr. Greichen to continue with weekly, supervised visitation through the Family Court visitation program unless he and the plaintiff, Kristina Ransom, could mutually agree upon an alternative method of supervision.[1] Mr. Greichen argued that the hearing justice erred in ordering six months of

---

[1] The June 4, 2023 order was entered following a hearing on May 22, 2023.

supervised visitation without looking at the reports for the first six months of supervised visits.[2]

Only final orders of the Family Court are reviewable by this Court on appeal. General Laws 1956 § 14-1-52(a). Interlocutory orders, and orders relating to the modification of alimony or child support, are solely reviewable by way of writ of certiorari. *Dale v. Dale*, 37 A.3d 124, 124 (R.I. 2012) (mem.); § 14-1-52(b). The Family Court has the authority to modify the visitation rights of a parent. *Seravo v. Seravo*, 525 A.2d 922, 924 (R.I. 1987). After final judgment in a divorce action, modification may be sought by serving a summons, complaint, and all other required documents upon the party against whom relief is sought. R. Dom. Rel. P. 64A(a). However, Mr. Greichen did not appeal from the Family Court's denial of his post-final-judgment motion to modify visitation. Instead, he appealed from the order that maintained the weekly supervised visitation that was already in place and continued the matter for control to November 2023. Therefore, the order was provisional, merely deciding an intermediate matter, rather than disposing of the whole matter.

---

[2] Mr. Greichen also makes a number of arguments relative to the Family Court's suspension of his visitation schedule back in June 2022, as well as a related domestic abuse complaint that Ms. Ransom had filed against him. None of these issues are properly before the Court. Mr. Greichen did not appeal the domestic abuse complaint or the Family Court's order suspending his visitation schedule. *See Sentas v. Sentas*, 911 A.2d 266, 269 n.3 (R.I. 2006) ("We will not consider 'an issue on appeal for which a notice of appeal never was filed.'") (quoting *State v. Hallenbeck*, 878 A.2d 992, 1020 (R.I. 2005)).

*See Simpson v. Vose*, 702 A.2d 1176, 1177 (R.I. 1997) (mem.).  Thus, to seek review of the June 4, 2023 order, the appropriate avenue was to file a petition for writ of certiorari. *Dale*, 37 A.3d at 124.  The appeal is denied and dismissed, and the papers may be returned to the Family Court.

Entered as an Order of this Court this   3rd   day of May, 2024

By Order,

/s/ Meredith A. Benoit, Clerk

_____

Clerk



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Kristina Ransom v. Patrick Greichen. | |
| **Case Number** | No. 2023-239-Appeal.<br>(WC 19-1004) | |
| **Date Order Filed** | May 3, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Family Court | |
| **Judicial Officer from Lower Court** | Associate Justice Laureen A. D'Ambra | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Kristina Ransom, *pro se* | |
| | For Defendant:<br><br>Patrick Greichen*, pro se* | |

SU-CMS-02B (revised November 2022)