**Supreme Court**
No. 2023-352-Appeal.

In re Christopher Piloto.  :

# O R D E R

The petitioner, Christopher Piloto, appeals from an order of the Superior Court denying his petition for a change of name. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

On November 28, 2022, Piloto filed in the Superior Court a petition for a change of name.[1] Piloto wished to change his name to "Quba Mahir al-Muttaqi" for "[r]eligious [r]easons (Islamic)."[2] The state objected and informed the court that

---

[1] General Laws 1956 § 8-2-14(b) provides that "[t]he superior court shall also have concurrent original jurisdiction, with the probate courts, of the change of names of those persons eighteen (18) years of age or older who have been convicted of any misdemeanor or felony."

[2] Although Piloto originally petitioned the Superior Court to change his name to "Quba Mahir al-Muttaqi," at oral argument he represented that he wishes to change

- 1 -

Piloto had been convicted of sexual assault and forcible lewd acts in other states and had pled nolo contendere to first-degree child molestation in Rhode Island. Before the Superior Court, the state argued that "[Piloto]'s change of name will have an undesirable impact on his victim and the public. * * * There is a concern for public safety if [Piloto] is released into the community with an unidentifiable name different from the one he was convicted under and is required by law to use to register as a sex offender."

On September 21, 2023, the Superior Court held a hearing on Piloto's petition. The hearing justice denied the petition for change of name and entered an order to that effect the same day. This appeal followed.

Before this Court, Piloto argues that the denial of his petition for change of name violated his rights under the Free Exercise Clause of the First Amendment to the United States Constitution. However, as the state correctly points out, Piloto has failed to provide us with the transcript of the proceedings before the Superior Court.[3]

---

his first name only. This would result in his name being changed to "Quba Mahir al-Muttaqi Piloto."

[3] Piloto has been incarcerated at the Adult Correctional Institutions at all times relevant to the proceedings in the Superior Court and in this Court. The record indicates that the Superior Court Clerk's Office received on November 1, 2023, a motion to proceed *in forma pauperis* dated October 11, 2023. An order granting Piloto's request to order the transcripts without charge entered on November 3, 2023. Thereafter, on December 14, 2023, the clerk's office received a letter from Piloto dated November 28, 2023, "in regards to requesting [t]ranscripts * * *." There is no further information in the record concerning his attempts to order the transcripts.

Additionally, Piloto did not file any memorandum with the Superior Court to support his petition for change of name. Accordingly, there is no way for this Court to determine whether his argument was raised to the hearing justice. *See Resendes v. Brown*, 966 A.2d 1249, 1254 (R.I. 2009) ("[T]his Court's raise-or-waive rule precludes our consideration of an issue that has not been raised and articulated at trial.") (quoting *State v. Bido*, 941 A.2d 822, 828 (R.I. 2008)).

Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure requires that "[p]romptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record." As the appellant, Piloto was responsible for "ensur[ing] that the record is complete and ready for transmission." *Boulais v. DiPaola*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.) (quoting *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002)). There is no indication that transcripts were completed prior to transmission.

The record transmitted to this Court contains no argument by Piloto in favor of his petition for change of name. The only explanatory information that can be gleaned from the lower-court record is that Piloto wishes to change his name for "religious reasons" and that his religion is Islam. Without the transcript of the lower-court proceedings "this Court cannot determine how the trial justice came to a decision or, in turn, whether the trial justice erred in coming to that decision."

*Boulais*, 305 A.3d at 1271. Therefore, we will not consider Piloto's First Amendment arguments, and "we have 'no alternative but to deny the appeal and uphold the trial justice's findings.'" *Id.* (quoting *Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.)). We dismiss the appeal, however, without prejudice to Piloto filing in the Superior Court a new petition requesting similar relief.

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.


Entered as an Order of this Court this  7th  day of November, 2024.

By Order,


/s/ Meredith A. Benoit, Clerk
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re Christopher Piloto. | |
| **Case Number** | No. 2023-352-Appeal.<br>(PP 22-6668) | |
| **Date Order Filed** | November 7, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Christopher Piloto, *Pro Se* | |
| | For State:<br><br>Jeff Kidd<br>Department of Attorney General | |