ESTATE OF Kathleen M. MITCHELL

v.

Daniel W. GORMAN.

No. 2008–73–Appeal.

Supreme Court of Rhode Island.

May 1, 2009.

Paul P. Pederzani, III, Esq., Warwick, for Plaintiff.

Joseph E. Rothemich, Jr., Esq., Coventry, for Defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

PER CURIAM.

The defendant, Daniel W. Gorman, appeals from a Family Court order that dismissed his appeal to this Court from a decision pending entry of final judgment. The trial justice dismissed the defendant's appeal on the ground that he had failed to take the steps necessary to ensure the timely transmission of the record to this Court. The defendant contends that the trial justice abused her discretion in dismissing his appeal within the sixty-day period that Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure indicates is the period within which the record is to be perfected.

This case came before the Supreme Court for oral argument on March 31, 2009 pursuant to an order directing the parties to appear and show cause as to why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown. We hereby affirm the order of the trial justice.

This appeal arises in the context of a regrettably acrimonious and overly prolonged divorce proceeding which has been occupying the attention of our courts since 2002. The parties[1] previously appeared before this Court in 2005, when the defendant challenged a Family Court order granting the plaintiff's motion for clarification of an executed property settlement agreement. *Gorman v. Gorman*, 883 A.2d 732 (R.I.2005). In that previous appeal, this Court held that the trial justice had erroneously ordered reformation of the property settlement agreement on the ground that its language was ambiguous as to the intent of the parties with regard to certain of the defendant's stock holdings. This Court held that the agreement evinced no such ambiguity. *Id.* at 738. Accordingly, the case was remanded to the Family Court so that the parties might negotiate a new property settlement agreement or proceed to trial if those negotiations should prove unsuccessful. *Id.* at 741.

The parties were unable to successfully negotiate a mutually satisfactory property settlement agreement, and the case therefore proceeded to trial in the Family Court. Pursuant to the statutory guidelines set forth in G.L.1956 § 15–5–16.1, on April 10, 2007 the trial justice concluded that "both parties contributed to the acqui-

sition and appreciation of [the marital] assets." She further concluded that it was the parties' intent "at all times" to divide defendant's stock holdings equally. She therefore ordered defendant to apply for a 50 percent sale of the stock in his stock bonus plan and to distribute the proceeds of said sale to plaintiff.

On April 23, 2007, the trial justice awarded plaintiff $25,000 in counsel fees, noting in particular the additional time which plaintiff's counsel had been required to dedicate to the case as a result of "some contumacious behavior" on the part of defendant. A decision pending entry of final judgment was ultimately signed by the trial justice and entered by the clerk on July 9, 2007. The defendant filed his first notice of appeal to this Court on July 24, 2007; he indicated on said notice that the transcripts of the proceedings below would be ordered and provided to this Court.

On September 6, 2007, the parties again appeared before the trial justice for a hearing on defendant's motion to vacate the decision pending entry of final judgment and on the following motions filed by plaintiff: "Motion to Enter Final Judgment Notwithstanding Defendant's Appeal and to Enforce the Award of Attorney's Fees;" "Motion to Secure an Alternative

---

1. This appeal was originally filed in this Court bearing the caption *"Kathleen M. Gorman v. Daniel W. Gorman."* Regrettably, however, Kathleen Gorman (née Mitchell) died on March 8, 2008. (The divorce of the parties became final before the date of death.)

On June 12, 2008, the Family Court entered an order granting plaintiff's "Amended Motion for the Substitution of Party." The Family Court order substituted the "Estate of Kathleen M. Mitchell" as plaintiff.

We feel it necessary to briefly digress from our discussion of the instant case in order to address a few comments to the attorneys involved in this case and to the bar at large. One of the trial justices who presided over

this case lamented the fact that the relationship between the attorneys for the parties appeared to have broken down; it was her view that each had overstepped the bounds of professional propriety as a result of their mutual disrespect. Our review of the entire record has convinced us that those remarks of the trial justice were well warranted. The inability of counsel to act courteously towards each other (without eschewing zealous advocacy) not only runs the risk of diminishing the quality of the services that they provide to their clients, but may also lead to the abuse of the legal system and the waste of scant judicial resources.

Distribution for Marital Assets;" and "Motion to Adjudge Defendant in Contempt."

At that September 6 hearing, the parties addressed the question of whether or not the language of the proposed final judgment accurately reflected the trial justice's bench decision. The trial justice did not address plaintiff's motion for alternative distribution of stock assets, but rather invited the parties to return for a later hearing on that issue. However, she did grant plaintiff's motion for entry of final judgment.

In October of 2007, defendant presented the trial justice with an "Amended Decision Pending Entry of Final Judgment." This "Amended Decision" was signed by the trial justice and entered by the clerk of the Family Court on October 10, 2007. On October 16, 2007, defendant filed a second notice of appeal. The defendant thereafter moved to consolidate his July 24 and October 16 appeals, but it appears that this motion was never acted upon by the Family Court.

The plaintiff thereafter filed a motion to vacate the amended decision pending entry of final judgment that had been submitted to the court by defendant's attorney. At the hearing on said motion the following issues were addressed: (1) the fact that plaintiff's counsel had not been given seven days to review the document (as is required by Rule 77(f) of the Family Court Rules of Procedure for Domestic Relations); (2) the contention that plaintiff's counsel had not approved the language of that document; and (3) the fact that the amended decision did not accurately reflect the intentions of the parties and the court. At a hearing on October 30, 2007, plaintiff also argued that defendant's July 2007 appeal should be dismissed because he had not ordered the trial transcripts in a timely manner in accordance with Article I, Rules 10 and 11 of the Supreme Court Rules of Appellate Procedure.

The trial justice declined to dismiss defendant's July 2007 appeal, but she noted that defendant might appropriately submit a motion for extension of time to transmit the file. In open court, the trial justice proceeded to make several handwritten changes to the amended decision of October 10, 2007; on appeal, the parties refer to this edited document as the "Interlineated Amended Decision."

On October 31, defendant moved for an extension of time for transmission of the record. On November 29, the trial justice heard arguments on said motion. At that hearing, both parties agreed that the July 2007 notice of appeal was moot and that the interlineated amended decision of October 30, 2007 was the relevant decision for purposes of defendant's appeal.

On the day of the hearing (November 29, 2007), the trial justice granted defendant's motion to extend "with a time frame to be established upon a determination of the Court reporter's injury," and continued the matter to December 6, 2007. An order to this effect was date-stamped December 4, 2007, but it was not signed by the trial justice until December 14, and it was not entered by the clerk of the Family Court until December 24.

In accordance with the just-referenced order, the parties reconvened before the trial justice on December 6. At that time, the trial justice expressed some skepticism as to the sincerity of defendant's expressed intention to pursue his appeal; she stated:

"A couple of things have continued to concern me over the whole stretch of this, not the least of which is your very ineffective effort to file this appeal, not having contacted the right stenos, not having put the money in, feeding into [opposing counsel's] longstanding suspicion * * * that you're really not inter-

ested in an appeal as much as you're interested in delaying this woman who is in ill health from getting anything."

The trial justice then gave defendant specific instructions as to how he could demonstrate that he was making sincere efforts to perfect his appeal from the interlineated amended decision. She continued the matter for one additional week, stating:

> "I want to see proof that Mr. Gorman has paid whatever kind of money needs to be paid to the stenographic office to get the transcript. Then I will be satisfied he is really making a good faith effort to do an appeal." [2]

On December 13, 2007, the parties once again reconvened before the trial justice to address various issues, including the award of attorneys' fees to plaintiff and defendant's efforts to secure transmission of the record. At that time, the trial justice indicated that she was not satisfied that defendant had made sufficient efforts to perfect his appeal. She observed as follows:

> "[T]he order I leveled a week ago was as follows: That [defense counsel], who had yet to do what was required of an attorney to perfect an appeal, namely, get the names of all the stenographers who provided transcripts, get a monetary estimate with the money deposited, and that I was beginning to accept [plaintiff counsel's] assertions that this whole thing has been an attempt to stall these proceedings and that nobody really intended to file an appeal.
>
> " * * * *

"I'm not satisfied that [defendant has] * * * acted appropriately * * *."

Two further orders were issued as a result of the December 13 hearing. The first order denied and dismissed defendant's appeal for failure to have complied with the trial justice's December 6 order. The second order denied defendant's request to stay the attorneys' fee order of December 6.

The defendant filed the instant appeal on December 27, 2007. It was docketed by this Court on March 27, 2008.

The defendant contends that the trial justice abused her discretion in dismissing his (second) appeal because, pursuant to Rule 11(a) of the Supreme Court Rules of Appellate Procedure, he had sixty days from October 30 to perfect his appeal; he argues that, when the trial justice dismissed defendant's second appeal on December 13, defendant still had one day remaining to perfect the record for purposes of appeal. The defendant additionally points to the fact that the trial justice granted his motion for an extension of time on November 29. He accurately observes that the order granting defendant's motion for an extension of time was signed by the trial justice the day after she dismissed his appeal. Finally, defendant asserts that he is not responsible for the delay in transmission of the record. Rather, he attributes the delay to forces beyond his control, including systemic flaws in the court's stenography procedures.

The plaintiff argues that the trial justice properly dismissed defendant's appeal be-

---

**2.** The order formalizing the trial justice's comments on December 6 was not entered until almost two months later, on February 4, 2008. The February 4 order stated, in pertinent part:

> " * * * Defendant shall furnish sufficient evidence to this Court that all actions required to effectuate the transfer of the trial court's record to the Supreme Court have been undertaken by the Defendant; to include the ordering of any and all necessary transcripts from the appropriate court reporters as well as proof of the submission of payment by Defendant to the Clerk of the reasonably anticipated fees for the preparation of transcripts."

cause defendant has purposefully and strategically delayed the entire proceeding, including the appeal process.

Article I, Rule 4 of the Supreme Court Rules of Appellate Procedure provides that a notice of appeal must be filed within twenty days of the date when final judgment is entered; pursuant to Article I, Rule 3(a) of the Supreme Court Rules of Appellate Procedure, failure of a party to "take any step" (other than filing the notice or paying a filing fee) is grounds "for such action as the Supreme Court or trial court deems appropriate, which may include dismissal of the appeal." Rule 10(b) provides that the appealing party must order the transcript from the court reporter within twenty days of filing an appeal. Rule 11(a) provides that the record, including the transcript, shall be filed with this Court within sixty days of the notice of appeal, unless the time has been shortened or extended by order of the court.

After filing his notice of appeal, defendant was required to promptly comply with the requirements of Rule 11—specifically the requirement that he "take any * * * action necessary to enable the clerk to assemble and transmit the record." Rule 3(a) empowers the trial justice to dismiss an appeal for failure to comply with the above-referenced rules. Although the trial justice dismissed defendant's appeal on December 13—i.e., fifty-eight rather than sixty days following defendant's October 16 notice of appeal (an "appeal" which in some manner or form had been pending since July)—we do not perceive any abuse of discretion on the part of the trial justice in so doing. The trial justice made her frustration with defendant abundantly clear and incisively summarized her suspicion that defendant was attempting to unduly delay his appeal for strategic reasons. She concluded that defendant had failed to meet the requirements of the Rules of Appellate Procedure in pursuing his appeal, and we can perceive no abuse of her discretion in making this determination.

It is of no moment that the trial justice signed an order granting defendant's motion for an extension of time on December 14. The language of that order does not provide a time frame for an extension; rather it noted that the scope of the extension would be determined at a later date, and the matter was continued to December 6. The order was entered on December 14, eight days after the December 6 hearing; for this reason the order was technically moot when entered. Moreover, the order makes clear that any extension was predicated on the physical condition of the trial justice's usual stenographer (who had suffered an injury). It was determined at the December 6 hearing, however, that the trial justice's injured stenographer was *not* the stenographer of the transcripts in question, thereby extinguishing the reason for the extension.

Finally, we are not persuaded by defendant's argument that he was not responsible for the delays in the appeal process. As we have had occasion to note in the past, it is the duty of the appellant to ensure that the record is perfected and ready for transmission to this Court. *See, e.g., Small Business Loan Fund Corp. v. Gallant,* 795 A.2d 531, 533 (R.I.2002) ("The appellant * * * is responsible for the timely transmission of the record and the transcript under our rules."). The trial justice gave defendant until December 13 to demonstrate that he was making sincere efforts to perfect his appeal, but she ultimately concluded that he had not "acted appropriately." Given the deference with which we review a trial justice's finding of inappropriate behavior, we decline to overrule her decision in this instance.

As a final note, we wish to specifically direct the attention of the parties and their counsel to a particularly wise Latin maxim that was first quoted by this Court over a century ago: *"Interest reipublicae ut sit finis litium."* ("It is in the interest of the republic that there be an end to litigation.") *Gunn v. Union Railroad, Co.*, 27 R.I. 320, 337, 62 A. 118, 125 (1905); *see Arena v. City of Providence*, 919 A.2d 379, 396 (R.I.2007) ("It is time for this litigation to end."). The parties in this case have had their day in court; it is time to bring this matter, at long last, to its conclusion.

The order of the Family Court is hereby affirmed.