Frank FIORENZANO

v.

Kenneth LIMA.

No. 2012–236–APPEAL.

Supreme Court of Rhode Island.

Nov. 18, 2013.

Frank Fiorenzano, Pro Se.

Richard M. Fisher, Esq.

## ORDER

This case represents another chapter in the regrettable and contentious saga in which these parties, Frank Fiorenzano and Kenneth Lima (who are brothers-in-law), have been engaged for far too long a time. In this order, we shall focus on the only real legal issue that this case presents, and we shall pass over in silence the tumult which from time to time has been characteristic of the filings by the parties.

On November 6, 2009, this Court affirmed the Superior Court's grant of summary judgment in favor of Mr. Lima; that case had involved claims of abuse of process and loss of consortium. *Fiorenzano v. Lima*, 982 A.2d 585, 587, 589, 591 (R.I. 2009). The full factual context of the sorry acrimony between these parties is set forth in that opinion.

On April 29, 2011—many months after this Court had issued the above-referenced opinion—Kenneth Lima (who was the defendant in that earlier case) filed a motion in the Superior Court requesting that various records relating to the litigation between these parties, including the complaint, be sealed; he averred, in his memorandum in support of his motion, that "scurrilous, unfounded and libelous" statements were contained in the complaint. Shortly thereafter, Mr. Lima sought sanctions against Mr. Fiorenzano with respect to what Mr. Lima alleged was a frivolous discovery motion. Mr. Fiorenzano, for his part, objected to the motion to seal; and he in turn sought sanctions against Mr. Lima. After a hearing, a justice of the Superior Court granted the motion to seal; but, significantly, the justice denied both parties' motions for sanctions.

Mr. Fiorenzano timely appealed from that ruling. The parties' filings reflect that some attempts were thereafter made with respect to reaching a global settlement; but, in the end, no settlement was consummated.

Time continued to pass; and, it having become clear that Mr. Fiorenzano had not perfected his appeal from the granting of the motion to seal, Mr. Lima moved to dismiss the appeal, and he also moved for sanctions against Mr. Fiorenzano.

On January 13, 2012, a second justice of the Superior Court (not the same justice as had previously granted the motion to seal and denied the motions for sanctions) granted the motion to dismiss the appeal. However, the second justice then proceeded to assess counsel fees as a sanction against Mr. Fiorenzano in the amount of $1,500, said amount being deemed compensation for the effort of Mr. Lima's attorney in obtaining dismissal of the appeal.

After having scrutinized the record and having considered the oral and written submissions of the parties, we are unable to perceive any basis for the second justice's apparent conclusion that, apart from the bare fact that that appeal had not been perfected, there had been sanctionable conduct by Mr. Fiorenzano. It is certainly true that he had failed to perfect his ap-

peal, but dismissal of the appeal was available and appropriate as a sanction for that failure— and, indeed, the appeal was in fact dismissed.[1] *See generally Estate of Mitchell v. Gorman,* 970 A.2d 1 (R.I.2009). No statute or rule calls for any further sanctions for the failure to perfect an appeal.

Accordingly, we order that the $1,500 sanction be vacated.[2]

We would add that it is our fervent hope that these parties will now decide to proceed down the path of reconciliation rather than that of further litigation. *See Estate of Mitchell v. Gorman,* 970 A.2d 1, 6 (R.I.2009); *Arena v. City of Providence,* 919 A.2d 379, 396 (R.I. 2007); *Gunn v. Union Railroad Co.,* 27 R.I. 320, 336–37, 62 A. 118, 125 (1905).

---

1. The dismissal of the appeal has not been appealed to this Court.

2. We would emphasize that our ruling in this case is based on the record before us. It would be a grave error, however, for either party to infer that there might be some kind of immunity from sanctions in the event that sanctionable conduct should occur in any future litigation.